**TEXAS CAB COMPANY, Appellant,**

v.

**Joe Nathan GILES, Appellee.**

**No. 08–89–00193–CV.**

Court of Appeals of Texas,
El Paso.

Dec. 27, 1989.

Antonio Cortez, Hardie–Hallmark, El Paso, for appellant.

Michael L. Aaronson, Aaronson, Oaxaca & Nasits, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal by writ of error from a default judgment in the amount of $20,-000.00. We reverse.

Appellee, Giles, injured while a passenger in a taxicab, sued the cab sponsor, appellant Texas Cab Company, and the driver of the vehicle that collided with the taxi. Appellee settled his suit with the driver of the other vehicle, amended his petition to exclude her as a defendant and took default judgment against the cab company. It had not been served with the amended petition.

█ The four elements necessary for a review by writ of error are: (1) it must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390 (Tex.1982). The validity of the judgment must be tested by all of the papers on file in the case, including the statement of facts. *Roe v. Doe*, 607 S.W.2d 602 (Tex. Civ.App.—Eastland 1980, no writ). The statement of facts disclose that in conversation with the judge, plaintiff's attorney indicated he thought that the filing of the amended petition was due to settlement with the deleted defendant. There was no dismissal of record to that defendant.

█ If an amended pleading asserts a new cause of action distinct from that stated in the original pleading, or requires a more onerous judgment against the defendant, and if the defendant is not actually in court, or if service is not otherwise dispensed with, a new service of process is essential to enable the plaintiff to proceed to judgment. *Sanchez v. Texas Industries, Inc.*, 485 S.W.2d 385 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.).

Tex.Civ.Prac. & Rem.Code sec. 33.013 (Vernon Supp.1989), provides a liable defendant is liable to the plaintiff only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury, and further providing that the defendant shall be jointly and severally liable for damages under sec. 33.012 if the defendant's percentage of responsibility is greater than twenty percent and greater than the responsibility attributed to the plaintiff.

However, Section 33.015(d) provides that no defendant has a right of contribution against any settling person. Section 33.016 provides for the determination of percentages of responsibility of contribution for *nonsettling* defendants. Therefore, the plaintiff has control over which parties and non-parties are submitted to the trier of fact for a determination of comparative responsibility percentage findings.

Sections 33.012 and 33.014 provide non-settling tort-feasors with an election to apply to the amount the settling tort-feasor paid the plaintiff against any judgment taken against the nonsettler, or reduce his responsibility for the plaintiff's amount of damages by five percent for all damages up to $200,000.00. This election of remedies must be made in writing before the issues of the action are submitted to the trier of fact. If no election is made, the five percent reduction is to be imposed.

■ Unless the settlement with the deleted defendant was properly presented to the trial court, there generally could have been no dismissal to that defendant under Tex.R.Civ.P. 162 or 163, as the dismissal would have prejudiced the codefendant taxicab company. Conversation consisting of a surmised belief of the settlement with the trial judge did not put the settlement on record. The amended petition abolished the trial judge's duty to determine percentages of responsibilities between the tort-feasors, and if the taxicab company had been found twenty percent or less responsible for the plaintiff's damages, it would not have been jointly and severally liable. The amended petition allowed for a more onerous judgment. If the settlement had been of record, the trial judge would not have had to ascertain percentages of responsibility, but the record would have to affirmatively reflect the five percent codefendant settlement reduction credit in the judgment. Usual presumptions of a judgment's validity are not indulged in a writ of error proceeding. *Wilson v. Industrial Leasing Corporation,* 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1985, no writ). Point of Error No. One is sustained.

Judgment of the trial court is reversed and the case is remanded for a new trial.