COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-166-CV
 
CATHERINE PRICHARD KAPLAN, INDEPENDENT                       APPELLANT 
EXECUTRIX OF THE ESTATE OF JOHN F.
PRICHARD, DECEASED  
 
V.
 
CHARLES I. KAPLAN                                                                APPELLEE 
 
------------
 
FROM 
PROBATE COURT NO. 1 OF TARRANT COUNTY 
 
------------
 
OPINION
 
------------
        Appellant Catherine Prichard Kaplan appeals from the trial court’s 
declaratory judgment that 250,000 shares of Clark Manufacturing Company 
(CMC) stock are not the property of her father’s estate. We affirm. 
Factual and Procedural Background
        In 1973, Appellant and Appellee Charles I. Kaplan, were married. 
Appellant’s father, Dr. John F. Prichard, purchased a home for the couple in 
Palm Beach, Florida, where they resided until they moved to Dallas in 1978. 
The parties sold their home in Florida and used the proceeds to purchase CMC, 
each owning 250,000 shares. 
        In the late 1980s, Appellant sought a divorce from Appellee. A Dallas 
court issued temporary orders in which the parties were enjoined from, among 
other things, transferring, assigning, or in any other manner alienating any of 
the parties’ property, whether community or separate. Shortly after the divorce 
trial commenced in late 1989, Appellant requested and got leave of court to 
attend to a critically ill relative. Appellant was expected to return to court on 
the same afternoon but by the following day, she still had not returned to court. 
Appellee’s attorney moved for default judgment and Appellant moved for a 
continuance and a mistrial. The trial court denied Appellant’s motions and 
stated that it would find Appellant in default. 
        On request of Appellant’s attorney, the trial court granted a short recess. 
When the proceedings resumed, Appellant’s counsel, representing to the court 
that Appellant had given him authority to settle, announced that a settlement 
agreement had been reached. The parties’ counsel dictated an agreement into 
the record in open court on November 17, 1989. As part of the settlement 
agreement, Appellant agreed to transfer her CMC stock to Appellee in exchange 
for $50,000 at closing and a promissory note in the amount of $200,000 at the 
rate of six percent per annum, payable by monthly payments in the amount of 
$2,700. The trial court approved the settlement agreement and granted the 
divorce. The court further ordered that the temporary orders would stay in 
effect until the divorce decree was finalized. 
        Around the same time, but before the parties were divorced, Dr. Prichard 
filed suit, cause number 236-111247-88, against Appellee on a promissory 
note that was created when Dr. Prichard loaned the parties $122,000 to 
purchase a home upon their relocation to Dallas. Dr. Prichard prevailed, and the 
court awarded him a judgment in the amount of $275,000. Despite the court’s 
temporary orders enjoining Appellant from transferring property, and in conflict 
with the settlement agreement, Appellant assigned her 250,000 shares of CMC 
to Dr. Prichard on January 31, 1990, purportedly in payment of the judgment 
against Appellee. Because Appellee had exclusive custody and control of the 
stock certificates, Appellant transferred the stock through a written transfer, 
which stated, “This is my portion of payment of a community property debt. 
The debt is Cause No. 236-111247-88 in the 236th Judicial District Court of 
Tarrant County, Texas.” 
        In March 1990, the trial court rendered a final judgment and divorce 
decree which ordered Appellant to sell her shares of the CMC stock and to 
indemnify Appellee from his liability to Dr. Prichard in accordance with the 
settlement agreement reached by the parties. Between April 4 and April 12, 
1990, the parties further negotiated, through a series of letters, the disposition 
of Appellant’s interest in CMC and Dr. Prichard’s claim against Appellee. 
Appellant agreed to receive $200,000 instead of $250,000 in exchange for her 
interest in CMC and agreed to indemnify Appellee from Dr. Prichard’s judgment. 
On April 11, 1990, Appellant received checks totaling $200,000 and executed 
a stock transfer of her CMC shares. 
        Dr. Prichard died on July 29, 1990, in Tarrant County. As executrix of 
Dr. Prichard’s estate (“Estate”), Appellant filed a petition in the probate court 
on April 30, 1992, seeking a declaratory judgment that the Estate is the owner 
of the 250,000 shares of stock in CMC. On July 2, 1992, Appellant also filed 
a petition for bill of review in the divorce proceeding alleging that she was the 
owner of 250,000 shares of stock in CMC as her separate property. 
Appellant’s petition for bill of review was dismissed for want of prosecution in 
June 1993. In February 1994, Appellant again claimed ownership of the CMC 
stock as part of a bankruptcy claim. Appellant listed as part of her personal 
property, fifty percent stock ownership in CMC, and signed a “Declaration 
Under Penalty of Perjury by Individual Debtor” claiming that the personal 
property listed for her bankruptcy claim was correct. 
        On October 19, 2001, the probate court denied all relief sought by 
Appellant in her petition for declaratory relief, finding that the shares of CMC 
stock are not the property of the Estate. The court filed twenty-seven findings 
of fact and five conclusions of law, which included a finding that the CMC 
stock is not an asset of the Estate and a finding that any claims by the Estate 
are barred by judicial admission, res judicata, novation, release, and compromise 
and settlement. Appellant perfected this appeal. 
Discussion
        In Appellant’s fifth issue, she challenges the legal sufficiency of the trial 
court’s conclusion of law that the Estate’s claims are barred by judicial 
admission, res judicata, novation, release, and compromise and settlement. 
Because we find this issue dispositive of the case, we address it first. The trial 
court's conclusions of law are reviewable de novo as questions of law, and will 
be upheld on appeal if the judgment can be sustained on any legal theory 
supported by the evidence. Hawkins v. Ehler, 100 S.W.3d 534, 539 (Tex. 
App.—Fort Worth 2003, no pet.); A & W Indus., Inc. v. Day, 977 S.W.2d 738, 
741 (Tex. App.—Fort Worth 1998, no pet.); Nelkin v. Panzer, 833 S.W.2d 267, 
268 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Therefore, if 
the trial court’s determination that the CMC stock is not the property of the 
Estate can be sustained on any of the preclusive theories listed by the trial 
court, Appellant’s fifth issue will be overruled. 
        The trial court concluded first that the Estate’s claims are barred by the 
doctrine of judicial admissions. In its findings of fact and conclusions of law, 
the trial court, quoting Appellant’s sworn pleadings, recognized her unequivocal, 
conflicting judicial admissions: 
On July 2, 1992, approximately four months after [Appellant]
brought this action seeking a declaratory Judgment as personal
representative of her father’s estate, [Appellant] filed a petition for
bill of review in her divorce case, in the 330th District Court of
Dallas County under cause no. 92-10640. [Appellant] stated in her
pleadings that [she] “owned 50% of the corporate stock of [CMC]
as her separate property” and that “the [330th District] Court, in
the Final Judgment dated March 8, 1990, divested [Appellant] of
said property by ordering her to sell it back to [CMC] for less than
its fair market value.”

        The elements required for a judicial admission are: (1) a statement made 
during the course of a judicial proceeding; (2) that is contrary to an essential 
fact or defense asserted by the person making the admission; (3) that is 
deliberate, clear, and unequivocal; (4) if given conclusive effect, would be 
consistent with public policy on which the rule is based; and (5) that is not 
destructive of the opposing party's theory of recovery. Sherman v. Merit Office 
Portfolio, Ltd., 106 S.W.3d 135, 140 (Tex. App.—Dallas 2003, pet. denied); 
Lee v. Lee, 43 S.W.3d 636, 641-42 (Tex. App.—Fort Worth 2001, no pet.). 
As long as the statement stands unretracted, it must be taken as true by the 
court and jury; it is binding on the declarant and he cannot introduce evidence 
to contradict it. Lee, 43 S.W.3d at 641; Smith v. Altman, 26 S.W.3d 705, 
709 (Tex. App.—Waco 2000, pet. dism'd w.o.j.). This rule is based on the 
public policy that it would be unjust to permit a party to recover after he has 
sworn himself out of court by a clear, unequivocal statement. Lee, 43 S.W.3d 
at 641; Dowelanco v. Benitez, 4 S.W.3d 866, 871 (Tex. App.—Corpus Christi 
1999, no pet.). 
        Applying the elements required to establish a judicial admission to the 
case at hand, it is evident that Appellant is barred from introducing evidence 
that the Estate owns the disputed shares of CMC stock. First, Appellant’s 
petition for bill of review contains statements during the course of a judicial 
proceeding that directly conflict with the declaratory judgment she is now 
seeking. See Houston First Am. Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 
1983) (assertions of fact in the live pleadings of a party are regarded as formal 
judicial admissions). Second, the statements made in Appellant’s bill of review 
petition are deliberate and clear and Appellant’s bankruptcy proceedings 
indicate that she continued to claim ownership of the CMC stock as late as 
1994—almost two years after she filed a petition seeking a judicial declaration 
that the stock is owned by the Estate. Third, application of the judicial 
admissions doctrine to the case at hand is consistent with public policy, and not 
destructive of Appellee’s assertions. See Lee, 43 S.W.3d at 641-42; 
Dowelanco, 4 S.W.3d at 871. The very purpose of the doctrine is to close the 
loophole Appellant seeks to bring the court through. Appellant seeks recovery 
for the CMC shares after she has sworn herself out of court by a clear, 
unequivocal statement. See id. 
        Appellant argues, without citing authority, that since the prior statements 
were made in her individual capacity, they cannot work against the Estate in 
separate litigation. We disagree. The judicial admissions doctrine applies to 
statements that are contrary to an essential fact asserted by the person making 
the admission. Lee, 43 S.W.3d at 641; Sherman, 106 S.W.3d at 140. 
Appellant, as executrix of the Estate, is a party to the current suit and seeks to
assert an essential fact in conflict with prior judicial statements asserted in her
petition for bill of review. We further note that the Texas Civil Practices and 
Remedies Code states that when declaratory relief is sought in relation to a 
trust or estate, all persons who have or claim any interest that would be 
affected by the declaration must be made parties to the claim. Tex. Civ. Prac. 
& Rem. Code Ann. § 37.005 (Vernon Supp. 2004), § 37.006 (Vernon 1997). 
Thus, we not only recognize Appellant as a party acting in her representative 
capacity, we recognize Appellant as a party acting in her individual capacity. 
        Appellant, again without citing authority, also contends that the doctrine 
of judicial admissions merely works to deny a party from introducing evidence 
contrary to the assertion and does not work as a bar to her claims. Appellant 
correctly acknowledges that she cannot introduce conflicting evidence because 
a judicial admission not only relieves Appellee of making proof of the fact 
admitted but also bars Appellant from disputing it. See Horizon/CMS 
Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000) (citing Gevinson 
v. Manhattan Constr. Co., 449 S.W.2d 458, 466 (Tex.1969)). In the case at 
hand, Appellant seeks a declaratory judgment that the Estate owns the CMC 
stock—an assertion in direct conflict with her judicial admission. Appellant 
cannot introduce any evidence that would conflict with her admission that she 
owns the CMC stock at issue in this case. See Holy Cross Church of God in 
Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001). Thus, the doctrine of judicial 
admissions as applied to this case, essentially does bar Appellant’s suit because 
she cannot introduce any evidence in support of her claim. We overrule 
Appellant’s fifth issue. 
Conclusion
        Having determined that the trial court was correct in concluding that 
Appellant’s claim is barred by her judicial admission, we do not address 
Appellant’s remaining issues. We affirm the judgment of the trial court. 
 
 
                                                                     
DIXON W. HOLMAN
                                                                    
JUSTICE
 
PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ. 
 
DELIVERED: January 8, 2004