NO. 07-03-0468-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2004

_____

ERNEST LaMONTE SMITH,

Appellant

v.

DANON LEE SMITH,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 41,884-B; HON. JOHN B. BOARD, PRESIDING

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Ernest LaMonte Smith appeals from a judgment denying him recovery against his sister, Danon Lee Smith. He had sued her for negligence to recompense personal injuries suffered as a result of an auto accident. The vehicle, which Danon drove and in which Ernest rode as a passenger at the time, left a sandy dirt road and struck a utility pole. Ernest testified that his sister had fallen asleep at the wheel. However, she stated that she looked down to obtain a cassette tape when her brother "holler[ed] her name." "When he did, [she] instinctively hit the brake, . . . looked . . . went into this power slide, and started hitting things." Upon hearing this and the other evidence presented by the parties, the jury

recessed to deliberate whether "the negligence, if any, of DANON . . . proximately cause[d] the occurrence in question[.]" It answered: "no." Ernest now contends, through five issues, that the verdict and judgment entered upon it were incorrect because Danon had judicially admitted that she was negligent and that her negligence proximately caused the accident. These admissions were purportedly conclusive and "undisputed." We overrule the issues and affirm the judgment.

A judicial admission consists of a clear, deliberate, and unequivocal statement made during the course of a judicial proceeding and contradicts or negates an essential fact or defense asserted by the declarant. *Kaplan v. Kaplan*, 129 S.W.3d 666, 669 (Tex. App.–Fort Worth 2004, pet. denied). And, until retracted, it must be accepted as true by the court and jury. *Id.*

Here, the statements which Ernest believes evinced judicial admissions arose during the following exchange:

Q:	Did you fail to keep a proper lookout?

A:	Yes, sir.  I wasn't looking at the road.

Q:	If you had been using ordinary care, you would have been watching where you were going?

A:	Yes, sir.

\*   \*   \*

Q:	If you had been watching where you were going, you wouldn't have had the collision, would you?

A:	Probably not.

The first two answers of Danon purport to admit negligence and the third purports to admit causation, according to Ernest.  While we acknowledge that the questions and answers

2

at issue encompass those topics, we reject his contention that they alone conclusively establish liability.

At the very least, the words "probably not" fall short of a clear, deliberate, unequivocal statement regarding causation. Indeed, our Supreme Court recognized as much when it stated, in *Aultman v. Dallas Railway Terminal Co.,* 260 S.W.2d 596 (Tex. 1953), that the word "probably" "'leaves some room for doubt . . . .'" *Aultman v. Dallas Railway Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 600 (1953). Thus, if the word used by Danon left "some room for doubt," then it cannot rise to the level of certainty inherent in being unequivocal. *See Webster's Third New International Dictionary* 2494 (1976) (defining "unequivocal" as "leaving no doubt").

Nor can we say that the record erased the doubt inherent in the utterance. It shows that when Danon was driving, her brother yelled out her name. This, according to Danon, caused her to "instinctively" brake, which then led to the vehicle sliding across the sandy, dirt road on which they drove. The jurors could well have considered Ernest's own action and the "instinctive[]" response it induced in assessing who or what proximately caused the accident.

In short, and at the very least, the utterance of Danon regarding causation was not a judicial admission. And, neither it nor the other evidence of record "conclusively establishes as a matter of fact that" Danon's conduct "was the proximate cause of the collision," as posited by Ernest. Instead, it became the jury's task to peruse the evidence, weigh it and the credibility of the witnesses, and determine the outcome. Finally, we cannot say that its decision contradicted the overwhelming weight of the evidence or evinced a manifestly unjust result, as Ernest also posits.

3

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
                    Justice