Opinion issued May 19, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00814-CV

———————————

George E. Dixon,
Appellant

V.

Carmen Nance Sanders, Appellee



 



 

On
Appeal from the 405th District Court

Galveston
County, Texas



Trial Court Case No. 07-CV-0656

 



 

MEMORANDUM OPINION

This is a restricted appeal from the
trial court’s entry of a post-answer default judgment against George E. Dixon,
appellant, and Tradesman Services, d/b/a GED, LLC.  In two issues, Dixon argues the trial court
erred by (1) allowing his attorney to withdraw from the case without providing
him the statutorily-required notices and (2) granting the default judgment when
he had not received notice of the trial setting.

We reverse and remand.

                                                                                                                                                                
Background

In 2006, appellee, Carmen Nance Sanders, entered into a
contract with Tradesman Services for renovation work on a home that had been recently
purchased by Sanders.  Tradesman Services
is wholly owned by Dixon.  In June 2007,
Sanders brought suit against Dixon and Tradesman Services alleging, among other
causes of action, fraud.

Dixon appeared in the suit by filing an answer to Sanders’s
petition on July 16, 2007.  Some time
later, Dixon obtained representation for the case.  On December 22, 2008, however, Dixon’s
counsel filed a motion to withdraw.  That
motion was granted on February 25, 2009.

The trial court’s final judgment reflects that it found
Dixon liable for all of Sanders’s claims against him on July 9, 2009, but did
not make any determination on damages at that time.  A trial was set for March 11, 2010, to
determine liability and damages against Tradesman Services and damages against
Dixon.  On February 24, 2010, Sanders
sent Dixon notice that the trial had been reset for March 12, 2010.  The notice was sent certified mail to his
last known address.  The notice did not
contain a certificate of service.

Dixon did not appear for trial.  As a part of her trial exhibits, Sanders offered—and
the trial court admitted—the notice stating that the trial had been reset along
with a copy of the envelope showing the address it was mailed to and the green
card signifying it was sent certified mail with the United States Postal
Service.  Sanders’s counsel admitted to
the trial court that the certified mail was returned showing it was never accepted,
but he asserted that “sometimes certified mail -- [does not] get accepted by”
Dixon.

After Sanders presented her evidence, the trial court
entered a judgment finding Dixon and Tradesman Services liable for fraud and
assessed actual and exemplary damages against both parties jointly and
severally.  The judgment was signed on
that day.

On May 21, 2010, Dixon filed a motion for new trial,
asserting he had no knowledge of the trial date or the judgment.  Sanders responded by pointing out that the
trial court’s plenary power over the suit had already expired.  The motion was denied on June 17, 2010.  Dixon filed his notice of restricted appeal
on September 9, 2010. 

                                                                                                                                                      
Restricted Appeal

A party can prevail in
a restricted appeal only if (1) it filed notice of the restricted appeal within
six months after the judgment was signed; (2) it was a party to the underlying
lawsuit; (3) it did not participate in the hearing that resulted in the judgment
complained of and did not timely file any post-judgment motions or requests for
findings of fact and conclusions of law; and (4) error is apparent on the face
of the record.  Ins. Co. of State of
Penn. v. Lejeune, 297 S.W.3d 254, 255 (Tex. 2009); see Tex.
R. App. P. 26.1(c), 30.  The face
of the record consists of all the papers on file in the appeal.  See Norman Commc’ns. v. Tex. Eastman Co.,
955 S.W.2d 269, 270 (Tex. 1997) (stating that review by restricted appeal
affords appellant same scope of review as ordinary appeal, which is review of
entire case).

In Craddock, the
Texas Supreme Court set forth three requirements that a defendant must satisfy in
order to have a default judgment set aside and obtain a new trial: (1) the
failure to file an answer or appear at a hearing was not intentional or the
result of conscious indifference, but was a mistake or accident; (2) a
meritorious defense; and (3) a new trial will not result in delay or prejudice
to the plaintiff.  Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939).
 The same prerequisites for setting aside
a no-answer default judgment also apply to a post-answer default judgment.  Dir.,
State Emps. Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).  A trial court abuses its discretion by not
granting a new trial when all three elements of the Craddock test are satisfied.  Id.;
Blake v. Blake, 725 S.W.2d 797, 800
(Tex. App.—Houston [1st Dist.] 1987, no writ).

A defendant who never received notice of a trial setting
does not need to meet all the Craddock
requirements.  The defendant in that
situation satisfies the first Craddock
prong that the failure to appear was not intentional or the result of conscious
indifference.  Mathis v. Lockwood, 166 S.W.3d 743, 744 (Tex. 2005).  Any analysis of the second or third prong
becomes unnecessary.  Mahand v. Delaney, 60 S.W.3d 371, 375
(Tex. App.—Houston [1st Dist.] 2001, no pet.).

Here, it is undisputed
that Dixon filed his notice of restricted appeal within six months after the
judgment was signed; that he was a party to the underlying lawsuit; that he did
not participate in the hearing that resulted in the default judgment, which is
the judgment complained of; and that he did not timely file any post-judgment
motions or requests for findings of fact and conclusions of law.  The only issue remaining is whether error
appears on the face of the record.  

A.              
Notice of Trial Setting

In his second issue, Dixon argues the trial court erred by
granting the default judgment when he had not received notice of the trial
setting.

Once a defendant has made an appearance in a cause, he is
entitled to the notice of the trial setting as a matter of due process under
the Fourteenth Amendment.  In re $475,001.16, 96 S.W.3d 625, 627
(Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86, 108 S. Ct.
896, 899–900 (1988); LBL Oil Co. v. Int’l
Power Servs., Inc., 777 S.W.2d 390, 390–91 (Tex. 1989)).  A post-answer default judgment is valid only
if the defendant has received notice of the default judgment hearing.  Id.  The plaintiff has the burden of proving the
defendant was served in strict compliance with the rules.  Cox v.
Cox, 298 S.W.3d 726, 733 (Tex. App.—Austin 2009, no pet.).

The Texas Rules of Civil Procedure require notice of all
trial settings after the first setting to be served on all parties within a
reasonable time.  Tex. R. Civ. P. 245. 
Any notice required by the rules must be sent in accordance with rule
21a.  Tex.
R. Civ. P. 21a.  The Texas Supreme
Court has recognized at least two evidentiary components of rule 21a.  

First, the rule provides that service by mail is “complete
upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper,
in a post office or official depository under the care and custody of the
United States Postal Service.”  Id. 
The evidentiary effect of this portion of the rule is to create a
presumption of service in compliance with the rule.  See In
re E.A., 287 S.W.3d 1, 5 (Tex. 2009) (recognizing existence of
presumption).  The presumption is not
evidence, however, and when evidence is introduced opposing this presumption,
the presumption vanishes.  Id. 


Second, the rule provides, “A certificate by a party or an
attorney of record, or the return of the officer, or the affidavit of any other
person showing service of a notice shall be prima facie evidence of the fact of
service.”  Tex. R. Civ. P. 21a.  At
that point, it becomes the opposing party’s burden to show that the notice was
not, in fact, received.  In re E.A., 287 S.W.3d at 5.

There was no certificate of service included with the
notice of trial setting.  Accordingly,
there is no prima facie evidence that Dixon was served.  See id.  

The trial court did admit into evidence, however, the
notice along with a copy of the envelope showing the address it was mailed to
and the green card signifying it was sent certified mail with the United States
Postal Service.  This is some evidence
that service was complete, giving rise to the presumption Dixon was served in
compliance with rule 21a.  See id. 


On appeal, Dixon argues that the record establishes that
he was not actually served with notice of the hearing, negating the presumption
that he was served.  See id. (holding presumption of service vanishes when record shows
mailed document was never received). 
Sanders argues that Dixon cannot complain that he did not receive notice
because he had a habit of intentionally avoiding receipt of certified
mail.  See Osborn v. Osborn, 961 S.W.2d 408, 413 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied) (holding trial court does not abuse its discretion
overruling a motion for new trial when record shows defendant intentionally
avoided receiving notice of trial setting). 
We must determine whether the record supports either of these arguments.

At the hearing, Sanders’s counsel admitted to the trial
court that the certified mail was returned showing it was never accepted, but he
asserted that “sometimes certified mail -- [does not] get accepted by” Dixon.  Unsworn statements by counsel are not
evidence.  Daugherty v. Jacobs, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  They can
constitute judicial admissions, however. 
Seminole Pipeline Co. v. Broad
Leaf Partners, Inc., 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.]
1998, no pet.).  “A judicial admission
results when a party makes a statement of fact which conclusively disproves a
right of recovery or defense he currently asserts.”  Id.  The elements for establishing a statement is
a judicial admission are (1) the statement must be made in the course of a
judicial proceeding; (2) it must be contrary to an essential fact for the
party’s recovery or defense; (3) it must be deliberate, clear, and unequivocal;
(4) it cannot be destructive of the opposing party’s theory of recovery or defense;
and (5) enforcing the statement as a judicial admission would be consistent
with public policy.  Kaplan v. Kaplan, 129 S.W.3d 666, 669 (Tex. App.—Fort Worth 2004,
pet. denied).  The public policy concerning
judicial admissions is that it would be unjust to permit a party to recover
after she has sworn herself out of court by a clear, unequivocal
statement.  Id.  

Sanders’s counsel’s representation to the trial court that
the certified mail was returned showing it was never accepted was made in the
course of a judicial proceeding.  See id. 
It was contrary to an essential fact for Sanders’s recovery on the basis
that Dixon had been properly served and had failed to appear.  See id.;
Cox, 298 S.W.3d at 733 (holding
plaintiff has burden of proving defendant was served in strict compliance with
rules).   It was deliberate, clear, and unequivocal.  See
Kaplan, 129 S.W.3d at 669.  It was
not destructive of Dixon’s defenses.  See id. 
It is also consistent with public policy as it prevents Sanders from
obtaining a judgment after admitting that Dixon never actually received notice
of the trial setting.  See id.; see also In re $475,001.16, 96 S.W.3d at 627 (holding post-answer
default judgment valid only if defendant received notice).  We hold that Sanders’s counsel’s statement
that the certified mail was never accepted constitutes a judicial admission
that Dixon did not receive notice.

Sanders’s counsel’s statement to the trial court that
“sometimes certified mail -- [does not] get accepted by” Dixon, however, is not
contrary to an essential fact or defense asserted by the party; nor is it a
deliberate, clear, and unequivocal assertion that Dixon had a habit of avoiding
service.[1]  See
Kaplan, 129 S.W.3d at 669.  Accordingly,
it is not a judicial admission.

The record establishes that Dixon never actually received
notice of the trial setting.  This
evidence caused the presumption of service in compliance with rule 21a to
vanish.  See In re E.A., 287 S.W.3d at 5 (holding presumption of service of
amended petition vanished when record showed mail was returned “unclaimed”).  The only evidence in the record, then,
establishes that Dixon was not properly served with notice of the trial
setting.  When a defendant establishes
that he did not receive notice of the trial setting, the judgment rendered
against him is reversed and the cause is remanded for a new trial.  Lopez
v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).

We sustain appellant’s second point of error.[2]

                                                                                                                                                                   
Conclusion

We reverse the judgment of the trial court on the issue of
fraud as it applies to George E. Dixon, individually, and remand the cause for
a new trial.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Kerrigan.[3]











[1]           In an effort to show that Dixon had a habit of avoiding
service, Sanders attached to her brief copies of envelopes sent to Dixon by
certified mail that were returned “unclaimed.” 
These copies do not appear in the clerk’s record or the reporter’s
record. “We cannot consider documents attached to an appellate brief that do
not appear in the record. This Court must hear and determine a case on the
record as filed, and may not consider documents attached as exhibits to
briefs.” Till v. Thomas, 10 S.W.3d
730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

 





[2]           We do not reach Dixon’s second issue, which, if sustained,
would not result in greater relief.  See Tex.
R. App. P. 47.1.

 





[3]           The Honorable Patricia J. Kerrigan, judge of the 190th
District Court of Harris County, participating by assignment.