Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00409-CV

———————————

Gail MacFarlane,
Appellant

V.

Robert L. Burke, M.D., Appellee



 



 

On
Appeal from the 190th District Court

Harris
County, Texas



Trial Court Case No. 2010-09660

 



 

MEMORANDUM OPINION

Appellant, Gail MacFarlane, appeals the
trial court’s grant of appellee’s—Robert L. Burke—motion for summary judgment
based on the affirmative defense of the expiration of the limitations period.  In one issue, MacFarlane argues that the
trial court erred in granting summary judgment because (1) she filed her suit
within the limitations period and, alternatively, (2) she tolled the
limitations period by providing proper notice of her claim.

We affirm in part and reverse and remand in part.

                                                                                                                                                                
Background

In September 2007, Burke performed knee replacement
surgery on MacFarlane’s left knee.  On
December 10, 2007, Burke performed knee replacement surgery on her right
knee.  MacFarlane experienced a high
level of pain following surgery on her right knee that she had not experienced
following surgery on her left knee. 
Burke told her he would continue to see her to determine why her right
knee was having problems.

After multiple visits with Burke for post-operative
treatment—continuing at least until April 9, 2008—MacFarlane met with Dr.
Leland Winston.  Winston took an x-ray of
her right knee and discovered that she was suffering from a dislocation of the
patella.  He concluded that the dislocation
was the cause of MacFarlane’s pain and limited ability to extend her knee.

MacFarlane provided notice to Burke of her claim against
him on December 4, 2009.  The notice did
not include, however, the statutorily-required release for Burke to obtain her
relevant medical information from other medical providers.  MacFarlane filed suit on February 12, 2010.

                                                                                                                                                 
Standard of Review

The summary-judgment
movant must conclusively establish its right to judgment as a matter of
law.  See MMP, Ltd. v. Jones, 710
S.W.2d 59, 60 (Tex. 1986).  Because
summary judgment is a question of law, we review a trial court’s summary
judgment decision de novo.  See
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a traditional
summary-judgment motion, asserted under Rule 166a(c), a movant must prove that
there is no genuine issue regarding any material fact and that it is entitled
to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c); Little v.
Tex. Dep’t of Criminal Justice, 148 S.W.3d 374, 381 (Tex.
2004).  A defendant moving for
traditional summary judgment must either (1) disprove at least one element of
the plaintiff’s cause of action or (2) plead and conclusively establish each essential
element of an affirmative defense to rebut the plaintiff’s cause.  See IHS Cedars Treatment Ctr. of DeSoto,
Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  It is an affirmative defense to assert that a
claim is barred by the statute of limitations. 
Tex. R. Civ. P. 94.  Accordingly, Burke carried the burden of
establishing as a matter of law that the limitations period had expired on all
of MacFarlane’s claims.  See Rowntree v. Hunsucker, 833 S.W.2d
103, 104 (Tex. 1992).  This includes
establishing when the causes of action accrued. 
See id. at 106.

A matter is conclusively established if reasonable people
could not differ as to the conclusion to be drawn from the evidence.  See City of Keller v. Wilson, 168
S.W.3d 802, 816 (Tex. 2005).  In our review, we take
the nonmovant’s competent evidence as true, indulge every reasonable inference
in favor of the nonmovant, and resolve all doubts in favor of the
nonmovant.  Diversicare Gen. Partner,
Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).

                                                                        
Statute of Limitations on Health Care
Liabilities Claims

There is a two-year statute of limitations on health care
liability claims.  Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a)
(Vernon 2011).  The two years begins from
(1) the date of the breach or tort; (2) the last date of the relevant course of
treatment; or (3) the last date of the relevant hospitalization.  Id.;
Shah v. Moss, 67 S.W.3d 836, 841
(Tex. 2001).  If the date of the alleged
tort is ascertainable, limitations begins on that date and inquiry into the
second and third categories is unnecessary even if there was a course of
treatment.  Shah, 67 S.W.3d at 841.

A plaintiff is required to provide notice of her claim
against the medical provider at least 60 days before the filing of a suit.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.051(a) (Vernon 2011).  In order to comply with the notice
requirements, the plaintiff must give written notice of her claim along with a
specific authorization form for release of protected health information.  Id.  If the plaintiff complies with the notice
requirement, the statute of limitations is tolled for 75 days following the
giving of the notice.  Id. § 74.051(c).

Burke filed a traditional motion for summary judgment,
arguing that MacFarlane’s claims were barred as a matter of law by the statute
of limitations.  Burke’s summary-judgment
evidence consisted of (1) MacFarlane’s original petition; (2) Burke’s verified
denial; and (3) MacFarlane’s notice of her claim against Burke.

The only issue for which Burke does not rely on
MacFarlane’s petition is the issue of whether the statute of limitations was
tolled by MacFarlane’s notice of her claim against Burke.  In order to comply with the notice
requirements, the plaintiff must give written notice of her claim along with a
specific authorization form for release of protected health information.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.051(a).  MacFarlane gave Burke notice of her claim on
December 4, 2009.  She did not, however,
provide an authorization form for release of her medical information.  Providing the authorization form is a
condition precedent for application of the tolling provision.  Jose
Carreras, M.D., P.A. v. Marroquin, No. 09-0857, 2011 WL 1206377, at *4
(Tex. April 1, 2011).  Tolling occurs
only when the plaintiff provides both the notice and the authorization
form.  Id.  

MacFarlane asserts that she was informed by Burke’s office
that she did not need to provide an authorization form and that this
representation should excuse her failure to provide the form.  We disagree with MacFarlane’s
characterization of the evidence.

The relevant evidence regarding the authorization form
came from MacFarlane’s affidavit included in her response to the motion for
summary judgment.  In it, she asserts
that she had expressed dissatisfaction with Burke to his office.  In one of these conversations, she told one
of the office staff that she needed a copy of her file for another doctor to
review.  This staff person responded that
MacFarlane would need to provide an authorization to release her medical
records.  She subsequently sent an email,
included in the record, requesting copies from her medical file for her
insurance company.  One of Burke’s staff
members responded to the email stating an authorization form would be needed.  MacFarlane later spoke on the telephone to
someone at Burke’s office who told her that the email “was sufficient to
constitute the authorization they needed to release [her] records for [her] to
get them for someone else to review.”

All of these communications concern whether MacFarlane
needed to sign a release before she could retrieve her medical records from
Burke in order to show them to someone else. 
In contrast, the authorization form required for tolling to apply
provides Burke authorization to retrieve MacFarlane’s medical records from
other medical providers in order for Burke to evaluate the strength of
MacFarlane’s claim with the legislative goal of encouraging settlement.  See id.
 Any representations about whether
MacFarlane needed to provide an authorization form in order to receive
documents from Burke are unrelated to the issue of the requirement for
MacFarlane to provide Burke with an authorization form for him to receive
documents from other medical providers. 
We hold that MacFarlane failed to satisfy all of the conditions
precedent for tolling to apply to the limitations period on her claims against
Burke.

The remainder of Burke’s summary-judgment
arguments—claiming that MacFarlane’s claims are barred by the statute of limitations—rely
exclusively on MacFarlane’s petition for support.  Generally, a party’s pleadings do not
constitute summary-judgment evidence, even if sworn or verified.  Laidlaw
Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).  A party may plead herself out of court,
however, when she pleads facts which affirmatively negate her cause of
action.  Tex. Dep’t of Corr. v. Herring, 513 S.W.2d 6, 9 (Tex. 1974).  In that circumstance, pleadings may be used
as summary judgment evidence when they contain statements rising to the level
of judicially admitting a fact or conclusion which is directly adverse to that
party’s theory or defense of recovery.  Judwin Props., Inc. v. Griggs & Harrison,
911 S.W.2d 498, 504 (Tex. App.—Houston [1st Dist.] 1995, no writ); Commercial Structures & Interiors, Inc.
v. Liberty Educ. Ministries, Inc., 192 S.W.3d 827, 835 (Tex. App.—Fort
Worth 2006, no pet.); Highlands Ins. Co.
v. Currey, 773 S.W.2d 750, 755 (Tex. App.—Houston [14th Dist.] 1989, writ
denied).

 “A judicial
admission results when a party makes a statement of fact which conclusively
disproves a right of recovery or defense he currently asserts.”  Seminole
Pipeline Co. v. Broad Leaf Partners, Inc., 979 S.W.2d 730, 740 (Tex.
App.—Houston [14th Dist.] 1998, no pet.). 
The elements for establishing that a statement is a judicial admission
are (1) the statement must be made in the course of a judicial proceeding; (2)
it must be contrary to an essential fact or defense asserted by the party; (3)
it must be deliberate, clear, and unequivocal; (4) it cannot be destructive of
the opposing party’s theory of recovery or defense; and (5) enforcing the
statement as a judicial admission would be consistent with public policy.  Kaplan
v. Kaplan, 129 S.W.3d 666, 669 (Tex. App.—Fort Worth 2004, pet.
denied).  The public policy concerning
judicial admissions is that it would be unjust to permit a party to recover
after she has sworn herself out of court by a clear, unequivocal
statement.  Id.  

We must review MacFarlane’s live petition, then, to
determine whether it contains judicial admissions establishing as a matter of
law that all of her claims were caused by the surgery performed on December 10,
2007.  Burke attached MacFarlane’s
original petition to his motion for summary judgment.  Three days before the summary-judgment
hearing, however, MacFarlane filed her first amended petition.  Any amended petition filed within seven days
of the hearing is not considered to be the live petition unless the party has
received permission from the court.  Mensa-Wilmot v. Smith Int’l, Inc., 312
S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing Tex. R. Civ. P. 63, 166a(c)).  An appellate court presumes, however, that
permission was granted when the order says all pleadings were considered,
nothing in the record indicates the amended petition was not considered, and
the opposing party does not show surprise. 
Id.  The summary judgment order states that all
pleadings were considered.  Nothing in
the record indicates that the amended petition was not considered.  And Burke has not shown surprise.  Accordingly, MacFarlane’s amended petition is
her live petition for purposes of this appeal.

Nevertheless, Burke contends that summary judgment was
appropriate even when we treat the amended petition as the live petition.  Burke argues that a “[c]areful reading of
[MacFarlane’s amended petition] shows that all injuries complained of stem from
the December 10, 2007 surgery . . . . [and that MacFarlane] did
not allege any further injury was incurred during post-operative treatment or
that her injury worsened.”[1]  Burke insists that all of MacFarlane’s claims
against him are actually claims “arising out of the care and treatment rendered
to appellant during her right knee surgery on December 10, 2007.”  

We agree that MacFarlane’s original petition includes a
claim for medical malpractice in performing surgery.  We disagree, however, that her amended
petition contained such a claim.  The
only mention of the date of surgery made in her amended petition is the
statement “On that day, Defendant was in a hurry planning and getting ready for
his African safari trip.”   In the
portion of the petition where she lists the duties of care that she asserts
Burke violated, there is no mention of the day of surgery or the act of
surgery.  Because MacFarlane’s amended
petition is her live petition, any other allegations in her original petition
are irrelevant to our analysis.  See J.M. Huber Corp. v. Santa Fe Energy Res.,
871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding
amended petition supersedes all prior petitions).

In addition to her claims for breach of post-operative
duties, MacFarlane asserts in her petition that Burke failed to advise her “of
the potential complications and obtain an informed consent for the proper right
knee replacement procedure.”  The date of
accrual for an informed consent claim relating to surgery is the date of the
surgery.  Mills v. Pate, 225 S.W.3d 277, 285 (Tex. App.—El Paso 2006, no
pet.); see also Rubalcaba v. Kaestner,
981 S.W.2d 369, 372 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (holding
all claims, including informed consent claim, accrued on date of surgery).

The surgery was performed on December 10, 2007.  MacFarlane filed suit on February 12,
2010.  This was outside the statute of
limitations for any claims accruing on the date of surgery.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.251(a).  We hold the trial
court did not err in granting summary judgment on the claim related to
obtaining informed consent.  

We turn now to MacFarlane’s post-surgery claims.  As an initial matter, we note that Texas case
law has established it is possible to assert claims both for breach of duties
during surgery as well as breach of duty during post-operative care.  For example, in Shah, the plaintiff sued the doctor claiming injury due to
negligence during surgery as well as during the follow-up care he
received.  67 S.W.3d at 839.  The Texas Supreme Court first determined that
the statute of limitations for the claim concerning surgery was two years after
the date of surgery and that the plaintiff had not brought suit in that
time.  Id. at 842–43.  The court
went on to analyze the date for the accrual of the plaintiff’s claim concerning
post-operative care, determined the accrual date of that claim to be later than
the surgery date, but concluded that the plaintiff still had not brought suit
within the required time under the later date. 
Id. at 844.

Similarly, in Morin,
the plaintiff consulted with defendant about a pain she suffered in her
jaw.  Morin
v. Helfrick, 930 S.W.2d 733, 735 (Tex. App.—Houston [1st Dist.] 1996, no
writ), overruled on other grounds by
Rizkallah v. Conner, 952 S.W.2d 580 (Tex. App.—Houston [1st Dist.] 1997, no
writ).  The defendant performed surgery
on her jaw, attaching certain implants.  Id. 
The plaintiff continued to suffer pain, and the defendant performed
three subsequent surgeries in an attempt to relieve the pain.  Id.  Later, the defendant consulted with another
doctor the plaintiff had visited about the plaintiff’s jaw problems.  Id.  In these consultations, the defendant
asserted the implants were not the cause of the pain and recommended not removing
them.  Id.  Nevertheless, the other
doctor performed surgery to remove the implants and determined that the
plaintiff’s pain was caused by “a foreign body inflammatory response” to the
implants.  Id.  

This Court held that the defendant had committed a tort
both in performing the surgery and in misdiagnosing the cause of the
plaintiff’s post-surgery pain.  Id. at 737.  For this latter tort, we held that the
defendant’s post-operative care for her pain continued through his consultation
with the other doctor and that, accordingly, the plaintiff had filed suit
within the limitations period.  Id. 


Macfarlane alleged, among other things, in her live
petition that Burke was negligent in his post-operative care of her by failing
to conduct a proper post-operative exam; failing to use proper and adequate
diagnostic tools and techniques to make an accurate diagnosis of the condition
of her knee in post-operative care; failing to take an x-ray during follow-up
care to diagnose the dislocated patella;[2] and
failing to make an accurate and timely diagnosis during post-operative care.[3]  All of these allegations relate specifically
to claims of negligence in Burke’s post-operative care, not to any negligence
that may have occurred during surgery.  Accordingly,
they cannot constitute judicial admissions that all of MacFarlane’s claims
relate to the date of surgery.  See Kaplan, 129 S.W.3d at 669 (listing
elements of judicial admission, including statement must be contrary to
essential fact asserted by party).

We are left to determine, then, whether MacFarlane’s
petition judicially admits that she did not in fact receive any post-operative
treatment by Burke.  See Rowntree, 833 S.W.2d at 108 (holding breach of duty to perform
proper examination can only occur on occasions when doctor had opportunity to
perform such examinations).  MacFarlane’s
petition alleged that Burke’s post-operative treatment of her continued until
approximately April 2008.  Additionally,
MacFarlane supplied summary judgment evidence establishing that Burke met with
MacFarlane for post-operative treatment as late as April 9, 2008.  Given that MacFarlane filed suit on February
12, 2010, this would put MacFarlane’s claims for medical malpractice in Burke’s
post-operative treatment within the statute of limitations.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.251(a).  We hold that Burke
failed to meet his burden of proving as a matter of law that MacFarlane
judicially admitted that all of her post-operative treatment medical
malpractice claims accrued on the date of surgery.

We sustain MacFarlane’s sole issue as it applies to her
post-operative health care liability claims. 
We overrule her sole issue as it applies to any earlier health care
liability claims.




 

                                                                                                                                                                   
Conclusion

We affirm the trial court’s rendition of summary judgment
for MacFarlane’s health care liability claim concerning Burke’s alleged failure
to obtain informed consent for MacFarlane’s right knee replacement
surgery.  We reverse the trial court’s rendition
of summary judgment in all other respects and remand for further proceedings.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Hinde.[4]











[1]           MacFarlane asserted in her petition and in her brief that
the date of surgery was December 15, 2007. 
Burke correctly points out, however, that the summary judgment evidence
reflects that it took place on December 10, 2007.

 





[2]           This claim of negligence was in Dr. Winston’s report,
attached to the amended petition and incorporated by reference.  See
Tex. R. Civ. P. 59 (providing
attachments are deemed part of pleading for all purposes). 

 





[3]           We note that MacFarlane’s original petition also included
claims for negligence in Burke’s post-operative care.  Accordingly, the result of this analysis
would be the same even if the original petition were the live petition.

 





[4]           The Honorable Dan Hinde, judge of the 269th District Court
of Harris County, participating by assignment.