**In the Interest of R.D.C., a Child.**

**No. 11–95–031–CV.**

Court of Appeals of Texas, Eastland.

Nov. 30, 1995.

Phillip Sanov, Eastland, for appellant.

Truman P. Kirk, Cisco, C.H. McCall, Comanche, for appellee.

Before ARNOT, C.J., and DICKINSON and McCLOUD,[1] JJ.

## OPINION

McCLOUD, Senior Justice (Retired).

The question in this case is whether a nonanswering defendant must be personally served with a new or second citation if the plaintiff amends the original petition and alleges a new cause of action or seeks a more onerous judgment in the amended petition. We hold that a new citation is not required if the plaintiff complies with TEX.R.CIV.P. 21 and 21a.

On October 7, 1994, the maternal grandparents of R.D.C., a two-year-old child, filed suit seeking temporary custody of the child and seeking to be named temporary managing conservators. Petitioners alleged that appellant was the probable father of R.D.C. and that appellant had been charged with murdering the child's mother. Appellant was served with citation at the Eastland County Jail on October 7, 1994.

On November 16, 1994, petitioners amended their original petition and sought "[t]ermination of the parent-child relationship" between appellant and the child. Appellant was not served with a new or second citation in connection with the amended pleading. Appellant was served with a copy of the amended petition by certified mail. Appellant did not file an answer, and the trial court entered a default judgment on December 13, 1994, terminating appellant's parental rights.

Appellant filed a motion for new trial maintaining that he was entitled to a new or second "citation" because he had not appeared and because the petitioners sought and were granted, by amended petition, a more onerous judgment than prayed for in the original petition. The trial court denied appellant's motion.

Appellant cites *Weaver v. Hartford Accident and Indemnity Company*, 570 S.W.2d 367 (Tex.1978), a liability insurance coverage case holding that the insurance company had no duty to defend a suit against the named insured's employee where the employee failed to comply with the policy provisions regarding the forwarding of citation to the insurer. The court cited the often-stated rule that:

> [N]ew citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading. *Sanchez v. Texas Industries, Inc.*, 485 S.W.2d 385 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.); *Phillips v. The Maccabees*, 50 S.W.2d 478 (Tex.Civ.App.—Waco 1932, no writ); McDonald Texas Civil Practice, § 8.11.2 (1970).

While the rule was discussed in *Weaver*, it is apparent that the thrust of the opinion is directed at the failure of the "omnibus insured" to comply with the policy provisions. The court in *Phillips v. The Maccabees*, 50 S.W.2d 478 (Tex.Civ.App.—Waco 1932, no writ), observed:

> The general rule is stated to be that a defendant who has been cited but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment of him; but if he has pleaded to the action or otherwise entered an appearance therein, he is before the court for all purposes and is charged with notice of all amendments thereafter filed.

The purpose of the rule requiring a new citation is to insure that a nonanswering defendant will receive notice that an amended petition has been filed seeking a more onerous judgment or containing a new cause of action. There are many cases supporting the general rule that a new "citation" must be served on the nonanswering defendant, but we find no cases discussing the impact of Rules 21 and 21a or former TEX.R.CIV.P. 72. See *South Mill Mushrooms Sales v. Weenick*, 851 S.W.2d 346 (Tex.App.—Dallas 1993, writ den'd); *Henry S. Miller Company v.*

---

**1.** Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

*Hamilton,* 813 S.W.2d 631 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Texas Cab Company v. Giles,* 783 S.W.2d 695 (Tex. App.—El Paso 1989, no writ); *Payne & Keller Co. v. Word,* 732 S.W.2d 38 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Smith v. Amarillo Hospital District,* 672 S.W.2d 615 (Tex.App.—Amarillo 1984, no writ); *Baten Erection Corporation v. Iron Workers' Pension Trust Fund,* 608 S.W.2d 262 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). We find no cases where the plaintiff, following the amended petition, delivered or mailed a copy of the amended pleading to the nonanswering defendant. All of the cases indicate that the nonanswering defendant had no notice of the amended pleading which sought a more onerous judgment or contained a new cause of action.

Prior to its repeal effective September 1, 1990, Rule 72 provided in part:

Whenever any party files, or asks leave to file any *pleading,* plea, or motion of any character which is *not by law or by these rules required to be served upon the adverse party,* he shall at the same time either deliver or mail to the adverse party or his attorney of record a copy of such *pleading,* plea or motion. (Emphasis added)

Rule 72 did not expressly eliminate the requirement that a new citation be served on a defendant when an amended petition sought a more onerous judgment because Rule 72 recognized that in certain circumstances "by law" a new citation must be "served upon the adverse party." In 1990, when Rule 72 was repealed and "pleadings" were added to Rules 21 and 21a, the language in Rule 72 regarding pleadings that were required "by law" to be "served upon the adverse party" was eliminated.

Since the 1990 amendment, Rule 21 has provided in part:

Every pleading, plea, motion or application to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, shall be filed with the clerk of the court in writing, shall state the grounds therefor, shall set forth the relief or order sought, and at the same time a true copy shall be served on all other parties, and shall be noted on the docket.

Since the 1990 amendment, Rule 21a has provided in part:

Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

Rule 21a specifically, expressly, and unambiguously provides that every pleading that is required to be served under Rule 21, other than the original citation and except as provided in "these rules," may be served in several different ways. Rule 21a states that service may be "as otherwise *expressly* provided in these *rules.*" (Emphasis added) We find nothing in the Texas Rules of Civil Procedure that expressly states that a nonanswering defendant must be served with a new citation if the plaintiff amends the petition and seeks a more onerous judgment or adds a new cause of action. We think that it is clear that a plaintiff who amends the petition can now serve the defendant without regard to whether the amendment seeks a more onerous judgment or adds a new cause of action by complying with the filing and serving requirements of Rules 21 and 21a. This interpretation eliminates the uncertainty and confusion that is found in the cases regarding what constitutes a "more onerous judgment" or a new "cause of action." Rule 21a provides alternative methods of service and eliminates the continuation of ambiguous rules that have evolved as to when a new citation must be served. See 2 McDonald, Texas Civil Practice §§ 10:15–16 (rev. 1992).

We further hold that the record supports the trial court's implied finding that appellant was properly served under Rule 21a by certified mail. The petitioners' attorney failed to properly "certify to the court" that he had complied with Rule 21a; however, the attorney stated in open court, "as an officer of the Court," that he mailed a copy of the amended pleading to appellant by certified mail. The return receipt and the letter from the Sheriff of Eastland County, which were received in evidence by stipulation, show that appellant received the amended pleading by certified mail on November 16, 1994. We reject appellant's argument that he did not "receive" the certified letter because it had been opened by a jail official without appellant being present. The officer delivered the certified letter to appellant at his jail cell. About 15 minutes later, appellant called the jailer on the jail intercom and informed the officer that he did not wish to accept the letter. The letter was then placed in appellant's property locker. The amended petition was delivered to appellant by certified mail.

*Havens v. Ayers*, 886 S.W.2d 506 (Tex. App.—Houston [1st Dist.] 1994, no writ), cited by appellant, is distinguishable. *Havens* was an appeal by writ of error where the issue was whether there was error on the face of the record. Here, the trial court held a hearing on the issue of proper service under Rule 21a and found against appellant.

The judgment of the trial court is affirmed.