287 S.W.3d 1 (2009)
In the Interest of E.A. and D.A., Children.
No. 08-0157.
Supreme Court of Texas.
June 5, 2009.
*2 Bethany Schendel Lucking, Legal Aid of North West Texas, Wichita Falls, TX, for Petitioner.
Stephen Bjordammen, Milissa Christina Barrick, Wichita Falls, TX, for Respondent.
Chief Justice JEFFERSON delivered the opinion of the Court, joined by Justice HECHT, Justice O'NEILL, Justice MEDINA, Justice GREEN, and Justice JOHNSON.
In Weaver v. Hartford Accident and Indemnity Co., 570 S.W.2d 367, 370 (Tex. 1978), we held that "a new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading." In 1990, however, Texas Rule of Civil Procedure 21a was amended to provide for a variety of methods of service, including certified or registered mail, for all pleadings and court papers except the original petition. We must decide whether, in light of Rule 21a, service of new citation is required for a default judgment based on a more onerous amended petition, or whether service under Rule 21a will suffice. We conclude that service under Rule 21a is sufficient. Accordingly, we reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.

I

Background
Emilio and Norma Avitia were married and had two children, E.A. and D.A. The Avitias later divorced, and the final decree appointed them joint managing conservators of the children. Norma was given the exclusive right to designate the children's primary residence, and Emilio was granted visitation. Five months later, Emilio filed this petition to modify the parent-child relationship, seeking the exclusive right to designate the children's primary residence. If a suit seeking such a modification is filed within one year of the prior order, the petitioner must attach an affidavit that contains, along with supporting facts, one of several allegations. TEX. FAM.CODE § 156.102(a),(b). Emilio's petition had no such affidavit attached. Norma was served with citation but did not file an answer or otherwise appear.
Approximately three months later, Emilio filed an amended petition alleging that *3 Norma had a pattern or history of drug use and requesting that he be appointed sole managing conservator and given a credit on his child support arrearage for a period during which he had intermittent physical custody of the children. Emilio attached a supporting affidavit making an appropriate allegation under Family Code section 156.102(b). Although the amended petition did not contain a certificate of service, Emilio alleges he sent Norma the amended petition via certified mail. The amended petition, transmittal letter, return receipt, and court order modifying the parent-child relationship all included the same street address in Wichita Falls but reflected three different zip codes. The post office attempted delivery of the amended petition three times before it was returned to Emilio's counsel as unclaimed.
The trial court rendered a default judgment granting Emilio the exclusive right to designate the children's primary residence. The court ordered no visitation for Norma and required her to pay child support to Emilio. Norma moved to set aside the default judgment and for new trial, arguing that default judgment was improper because Norma was not served with the amended petition. The trial court denied both motions. The court of appeals affirmed, 287 S.W.3d 38, holding that Texas Rule of Civil Procedure 21a eliminated the requirement of an additional citation for service of an amended petition seeking a more onerous judgment on a nonanswering party. The court of appeals further held that Norma had constructive notice of the amended petition, and that this satisfied due process. Because we conclude that a new citation is not required for service of a more onerous amended petition on a nonanswering party, but that Norma was not properly served with the amended petition and did not have constructive notice of it, we reverse the court of appeals' judgment and remand to the trial court for further proceedings.

II

Weaver and Rule 21a
If a defendant is properly served with process, in order to have a default judgment set aside, she must prove the three elements set out in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). But if the defendant never received the suit papers, she is generally entitled to a new trial without any further showing. Fidelity and Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574 (Tex.2006) (per curiam) (citing Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). Here there is no dispute that Norma was properly served with Emilio's original petition.[1] The parties dispute only whether Norma was properly served with the amended petition.
The parties agree that a nonanswering party is entitled to some form of notice of a more onerous amended petition, but they dispute the manner in which such a petition must be served. Norma argues that service of new citation is required, while Emilio contends that service under Texas Rule of Civil Procedure Rule 21a is sufficient. In Weaver v. Hartford Accident and Indemnity Co., 570 S.W.2d 367, 370 (Tex. 1978), we held that "new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading." *4 However, in 1990, we amended Rule 21a to provide that several methods of delivery, including certified or registered mail, are appropriate for "[e]very notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules." TEX. R. CIV. P. 21a. The court of appeals held that Rule 21a "eliminated the requirement of an additional citation" set out in Weaver. 287 S.W.3d at 41.
We have never addressed this issue directly. Although we recently cited Weaver in Fidelity and Guaranty Insurance Co. v. Drewery Construction Co., 186 S.W.3d 571, 574 (Tex.2006) (per curiam), we did not reach the issue of whether the type of service required has changed in light of Rule 21a because we concluded that the amended petition in Fidelity was not more onerous than the original petition. Id.
The majority of courts of appeals that have cited Weaver since the 1990 amendment to Rule 21a do not address Rule 21a. See, e.g., Bennett v. Wood County, 200 S.W.3d 239, 241 (Tex.App.-Tyler 2006, no pet.); Scott v. Tanner, No. 01-02-00668-CV, 2003 WL 22862806, at *3 (Tex.App.-Houston [1st Dist.] Dec. 4, 2003, no pet.) (mem.op.); Seeley v. KCI USA, Inc., 100 S.W.3d 276, 278 (Tex.App.-San Antonio 2002, no pet.); Atwood v. B & R Supply & Equip. Co., 52 S.W.3d 265, 267 (Tex.App.-Corpus Christi 2001, no pet.); Cohen v. Cohen, No. 05-93-00192-CV, 1994 WL 121118, at *2 (Tex.App.-Dallas Apr.6, 1994, no writ) (not designated for publication); Lim v. Botello, No. A14-90-00481-CV, 1991 WL 36980, at *1 (Tex.App.-Houston [14th Dist.] Mar. 21, 1991, writ denied) (not designated for publication). Aside from the court of appeals in this case, only two courts of appeals have squarely addressed whether Weaver's service of new citation requirement applies in light of Rule 21a, and both concluded that it does not. See Sw. Constr. Receivables, Ltd. v. Regions Bank, 162 S.W.3d 859, 865 (Tex. App.-Texarkana 2005, pet. denied); In re R.D.C., 912 S.W.2d 854, 855-56 (Tex.App.-Eastland 1995, no writ); see also WILLIAM V. DORSANEO, III, 7 TEX. LITIGATION GUIDE § 111.02[11] (2008) (noting that cases that still follow Weaverand Weaver itself"arguably conflict with Civil Procedure Rule 21a, as amended in 1990"); 1 JUDGE JOHN D. MONTGOMERY ET AL., TEXAS FAMILY LAW: PRACTICE & PROCEDURE § 4.02[1] (2009) (providing that "a plaintiff who amends his or her petition may serve the defendant by complying with the filing and serving requirements of Texas Rules of Civil Procedure 21 and 21a without regard to whether the amendment seeks a more onerous judgment or adds a new cause of action") (citing In re R.D.C., 912 S.W.2d at 855-57).
Rule 21a applies to all pleadings required to be served under Rule 21 other than the original petition and except as provided in the rules. Nothing in the rules requires a plaintiff to serve a nonanswering defendant with new citation for a more onerous amended petition. While a nonanswering defendant must be served with a more onerous amended petition in order for a default judgment to stand, we agree with the court of appeals that Rule 21a service satisfies that requirement. This interpretation "eliminates the uncertainty and confusion that is found in the cases regarding what constitutes a `more onerous judgment' or a new `cause of action.'" In re R.D.C., 912 S.W.2d at 856 (noting that Rule 21a now governs over "ambiguous rules that have evolved as to when a new citation must be served") (citing 2 ROY W. McDONALD, TEXAS CIVIL PRACTICE §§ 10:15-16 (1992)). To the extent *5 Weaver conflicts with Rule 21a, the rule prevails.

III

Service
We must then determine, however, whether Emilio served the amended petition in compliance with Rule 21a. Under that rule, court papers served by certified mail must be sent "by certified or registered mail, to the party's last known address." TEX.R. CIV. P. 21a. Service by mail is "complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository...." Id.
Even assuming that the amended petition was properly addressed, a point that Norma disputes, any presumption of service arising from Emilio's mailing of the amended petition was negated by the amended petition's return as unclaimed. 287 S.W.3d at 41. The presumption of service under Rule 21a "is not `evidence' and it vanishes when opposing evidence is introduced that [a document] was not received." Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987).
Rule 21a further provides that the party or attorney of record shall certify compliance with the rule "in writing over signature and on the filed instrument." TEX.R. CIV. P. 21a. A certificate of service is prima facie evidence of the fact of service, but nothing in the rule "preclude[s] any party from offering proof that the notice or instrument was not received, or, if service by mail, that it was not received within three days...." Id. Because the amended petition does not include a certificate of service, Emilio has not made a prima facie case of the fact of service on this basis.
Nonetheless, the court of appeals concluded that Norma received constructive notice of the amended petition and that this satisfied due process. 287 S.W.3d at 42. The court of appeals relied on the post office's repeated attempts to deliver the petition, one of the children's testimony that Norma knew about the lawsuit,[2] and Emilio's attorney's statement that she sent Norma a copy of the amended petition via regular mail and it was not returned. Id. The court of appeals also noted that despite the fact that the later modification order, like the amended petition, was returned unclaimed, Norma timely moved to set the order aside. Id. The court of appeals held that even when a party does not receive actual notice, if the serving party has complied with Rule 21a, constructive notice may be established "`if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case or that the intended recipient refused all deliveries of certified mail.'" Id. (quoting Etheredge v. Hidden Valley Airpark Ass'n, Inc., 169 S.W.3d 378, 381-82 (Tex.App.-Fort Worth 2005, pet. denied)).
We have never decided whether constructive notice of a more onerous amended petition satisfies due process. Assuming, without deciding, that it does, the record in this case is insufficient to establish constructive notice. Emilio presented no evidence that Norma avoided or refused delivery of the amended petition, nor that she received the certified mail notices. The mere fact that the certified mail was returned unclaimed is not sufficient to show avoidance or refusal where, as here, *6 the relevant documents reflect three different zip codes for Norma's address, and the pertinent pleading lacks a certificate of service. The child's testimony regarding Norma's knowledge of the lawsuit was vague and did not address Norma's knowledge of the amended petition. Moreover, that Norma learned of the modification order does not mean she received notice of the amended petition. Emilio's attorney asserted that she sent Norma a copy of the amended petition via regular mail and that copy was not returned. However, standing alone, this is insufficient to establish that Norma had constructive notice of the amended petition.

IV

Conclusion
In order for a default judgment to stand, a nonanswering party must be served with a more onerous amended petition under Rule 21a. Service of new citation is no longer required. There is no evidence, however, that Norma was served with the amended petition under Rule 21a or that she had constructive notice of the amended petition. Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion. TEX.R.APP. P. 59.1.
Justice BRISTER filed a concurring opinion, in which Justice WAINRIGHT and Justice WILLETT joined.
Justice BRISTER, joined by Justice WAINWRIGHT and Justice WILLETT, concurring.
I concur in the Court's judgment setting aside the default judgment against Norma Avitia. But I dissent to the Court's abrogation of one of the oldest procedural rules in Texas.
For 150 years, the rule has been that a default judgment cannot be based on an amended petition seeking more onerous relief unless the amendment was served with citation. As we said in Weaver v. Hartford Accident & Indemnity Co., "new citation is necessary for a party who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment than prayed for in the original pleading."[1] This Court, for example, applied that rule three times shortly before the Civil War.[2] By 1887, we called the rule "well established":
The rule is well established in our state that a defendant who has been cited, but has not answer[ed], must be notified of every amendment which sets up a new cause of action, or requires a more onerous judgment against him; but, if he has pleaded to the action, the only notice to which he is entitled is the order of court granting leave to file the amendment.[3]
There are good reasons for this rule. A citation is an official notice from a court officer,[4] is accompanied by the petition,[5] and warns recipients that they must answer by a stated deadline or "judgment by default may be rendered for the relief demanded in the petition."[6] A person *7 served with citation can be under no misconceptions about the effect of ignoring that petition.
By contrast, a petition received in the mail is not an official notice from a court but an adversary's list of complaints. It is not even directed to the recipient, but like all other pleadings is directed to the court. It states no deadlines, no actions necessary to avoid default, not even a hint that default might occur. Reasonable laymen receiving such a document in the mail might simply ignore it, and under Texas law have long been entitled to do precisely that.[7]
But what about those who receive one petition with citation and a second one in the mail? The first has come with an official court notice; the second has not. The first says an answer is required; the second does not. The first says the court may grant the relief demanded in the petition if it is ignored; the second does not. Perhaps modern litigants are more sophisticated than those of the past 150 years, but many will still be surprised to learn the second petition is the one they should worry about.
In addition to unsophisticated litigants, we must also be concerned about their oppositevery sophisticated litigants who would bend the rules to their advantage. A plaintiff usually cannot know in advance whether a defendant will fail to answer, but they will always know once default occurs. It would be easy in such cases to take advantage of a defaulting defendant by simply mailing an amended petition that raises the stakes.
The amendments to Rule 21a in 1990 did not abrogate this traditional rule. Since its adoption in 1947, Rule 21a has always stated that it does not apply to "citation to be served upon the filing of a cause of action."[8] The Court misstates this exception by limiting it to the original petition;[9] that is nowhere in the rule. None of the rules regarding citation are limited to the original petition, nor do they define which petitions need citation. So while it is true that "nothing in the rules" requires citation for more onerous amendments,[10] nothing in the rules dispenses with it either. The law regarding which petitions require citation has always been in our cases, which until today had never changed.
The Court seems to think the 1990 amendment to Rule 21a was a new creation "to provide for a variety of methods of service, including certified or registered mail, for all pleadings and court papers except the original petition."[11] But litigants have been able to serve amended pleadings by mail since our first rules of procedure were adopted in 1940.[12] The 1990 amendment merely consolidated *8 three separate service rules (rule 21a for notices, rule 60 for interventions, and rule 72 for pleadings).[13] Consolidating all three into rule 21a could not change the rule in Weaver because by its own terms rule 21a does not apply when citation is required.
Indeed, if the 1990 amendment changed such an old and well-established rule, it is odd that no one noticed at the time. Nothing in the Advisory Committee's records suggest such a change was intended, and the only comment appended to the change was that it added service by fax "[t]o allow for service by current delivery means and technologies."[14] Law review articles addressing the 1990 amendments did not notice the change at the time,[15] and most guides for practitioners have not noticed it since.[16]
Nor has this Court. We stated the Weaver rule as law as recently as 2006.[17] And in Baker v. Monsanto Co. in 2003, we interpreted the 1990 addition of interventions to Rule 21a to mean that mailing was sufficient service as to parties that appeared, but service with citation was necessary for those that did not.[18] If Rule 21a means all amendments after the original petition can be served by mail, it is hard to see why we did not extend intervenors the same right under the same rule.
We must interpret the rules of civil procedure liberally,[19] but we should hesitate to interpret them in a way completely unforeseen by those who drafted them. Nor should we interpret them to make litigation unjust or unfair,[20] as will no doubt occur if more onerous amended petitions can simply be dropped in the mail on defaulting defendants. Accordingly, I would not discard a rule that has worked so long so well so casually.
NOTES
[1] In the court of appeals, Norma argued that under Texas Rule of Civil Procedure 107, the certified receipt must be on file for ten days before the final hearing, as opposed to ten days before the final judgment is rendered. The court of appeals rejected this argument, and Norma does not raise the Rule 107 issue in this Court.
[2] At the hearing on Emilio's motion to modify, E.A. was asked whether Norma knew about the lawsuit. He responded: "[s]heI mean, lettersshe got letters, like, go to her house. She should be informed."
[1] 570 S.W.2d 367, 370 (Tex.1978).
[2] See, e.g., De Walt v. Snow, 25 Tex. 320, 321 (1860); Morrison v. Walker, 22 Tex. 18, 20 (1858); Hutchinson v. Owen, 20 Tex. 287, 289 (1857).
[3] Rabb v. Rogers, 67 Tex. 335, 3 S.W. 303, 305 (1887).
[4] TEX.R. CIV. P. 99(a).
[5] TEX.R. CIV. P. 99(d).
[6] TEX.R. CIV. P. 99(b) (emphasis added).
[7] Ross v. Nat'l Ctr. for the Employment of the Disabled, 197 S.W.3d 795, 798 (Tex.2006) (stating that parties "not properly served have no duty to act"); Harrell v. Mex. Cattle Co., 73 Tex. 612, 11 S.W. 863, 865 (1889) ("A defendant... is not bound to take action until he has been duly served with process.").
[8] TEX.R. CIV. P. 21a (1947, amended 1990).
[9] See 287 S.W.3d at 2 ("In 1990, however, Texas Rule of Civil Procedure 21a was amended to provide for a variety of methods of service, including certified or registered mail, for all pleadings and court papers except the original petition.") (emphasis added).
[10] 287 S.W.3d 1, 4.
[11] 287 S.W.3d at 2.
[12] See Tex.R. Civ. P. 72 (1940, repealed 1990)("Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to the adverse party or attorney(s) of record a copy of such pleading, plea, or motion.").
[13] TEX.R. CIV. P. 21a.
[14] TEX.R. CIV. P. 21 a, cmt. to 1990 change.
[15] See, e.g., Ernest E. Figari, Jr., A. Erin Dwyer, & Donald Colleluori, Civil Procedure, 45 Sw. L.J. 73, 83 (1991) (stating only that the rule "was amended to keep pace with advancing technology").
[16] See, e.g., 2 McDONALD & CARLSON TEX. CIV. PRAC. § 10:16 (2d. ed. 1998) ("When there has been no appearance by the defendant, ... [a] new citation is necessary when (but only when) the plaintiff ... seeks a more onerous judgment than prayed for in the original pleading."); 16 COUCH ON INSURANCE 3d § 231:4 (1995) ("Where an amendment to a complaint states a new and distinct cause of action from that presented in the original pleading, however, the general rule requires a new service of process after the amendment for a party who has not theretofore appeared in the proceedings."); Julia F. Pendery, Shawn M. McCaskill, & Hilaree A. Casada, Dealing with Default Judgments, 35 ST. MARY'S L.J. 1, 37 (2003) ("If the plaintiff decides to file an amended petition pleading additional causes of action or damages, or both, thereby seeking a more onerous judgment, the defendant must be served with the amended petition by service of citation in order for a default judgment to be based on the amended petition."); MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES * CIVIL TRIALS 2002, Commentaries § 3.2 at 444 (2004) ("When, after service of the original petition, the plaintiff amends to ask for a more onerous judgment by adding claims or increasing damages, the plaintiff must serve the defendant with a new citation and the amended petition before taking a default judgment."); cf. 7 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 111 at 111-28 (2008) (noting that recent cases continuing to require service of citation "arguably conflict with Civil Procedure Rule 21 a, as amended in 1990").
[17] See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc., 186 S.W.3d 571, 574 (Tex.2006).
[18] 111 S.W.3d 158, 160 (Tex.2003).
[19] TEX.R. CIV. P. 1.
[20] TEX.R. CIV. P. 1.