



## MEMORANDUM OPINION

No. 04-11-00767-CV

**AVIS RENT A CAR SYSTEM, L.L.C.**,
Appellant

v.

Iris **DALFERES**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 364300
Honorable Irene Rios, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 18, 2012

REVERSED AND REMANDED

This is a restricted appeal of a default judgment.  Avis Rent A Car System, L.L.C. contends the judgment must be reversed because error is apparent on the face of the record, showing that Avis was not served with a copy of Iris Dalferes's first amended petition.  Avis also contends an interlocutory default judgment must be reversed because Avis was not given notice of a transfer of the cause from justice court to county court, which Avis asserts is tantamount to

seeking a more onerous judgment with increased damages. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

Dalferes filed a petition in justice court against Avis and JP Morgan Chase Co. for breach of contract relating to a car rental transaction and the debiting of her bank account. Both Avis and Chase were served with citation. Although Chase filed an answer, Avis did not.

Dalferes subsequently filed a motion to transfer the cause from justice court to county court. The certificate of service attached to the motion certified that a copy of the motion was served only on Chase's attorney. The justice court signed an order granting the motion to transfer. Notice of the transfer was sent by the county court to the attorneys for Dalferes and Chase.

The county court subsequently signed an interlocutory default judgment against Avis ordering that Avis was liable in all things as alleged in Dalferes's petition. Dalferes filed a motion to sever her claim against Avis from her claim against Chase. The certificate of service attached to the motion to sever certified that a copy of the motion was sent only to Chase's attorney. The trial court granted the motion and severed the claim against Chase into a new cause number.

Dalferes then filed a first amended petition against Avis alleging both breach of contract and DTPA claims. No certificate of service is attached to the amended petition, and the amended petition states, "Additional service is not requested at this time." The record contains a notice of hearing relating to Dalferes's motion to enter final judgment; however, the motion is not contained in the record.

At the hearing before the county court, Dalferes's attorney asserted liability had been proven as to both the breach of contract and DTPA claim and proceeded with proof of Dalferes's damages.[1] The trial court signed a judgment awarding Dalferes $81,583.80 in damages and $10,000 in attorney's fees, and Avis filed this restricted appeal to challenge the trial court's judgment.

RESTRICTED APPEAL REVIEW

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The record conclusively establishes that the first three elements have been met, and the only element at issue is whether error is apparent on the face of the record.

SERVICE OF AMENDED PETITION

Dalferes's first amended petition adds an additional cause of action; therefore, it was a more onerous amended petition. Although a new citation is not required for service of a more onerous amended petition on a nonanswering party, a nonanswering defendant must be served with a more onerous amended petition pursuant to Rule 21a of the Texas Rules of Civil Procedure. *In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009). After stating the permissible methods of service, Rule 21a provides, "The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record . . . showing service of a notice shall be prima facie evidence of the fact of

---

[1] We note that the interlocutory default judgment could only have pertained to Dalferes's breach of contract claim because the amended petition adding the DTPA claim was not filed before the interlocutory default judgment was signed.

service." TEX. R. CIV. P. 21a. Thus, Rule 21a imposes a duty on a party serving another party with an amended petition to affirmatively show evidence of service in the record by including a certificate of service. *See id.* In this case, not only does Dalferes's amended petition fail to contain a certificate of service, but it also affirmatively states, "Additional service is not requested at this time." Because the amended petition did not include a certificate of service, the record contains no prima facie evidence of service. *See In re E.A.*, 287 S.W.3d at 5. Accordingly, error is apparent on the face of the record in that Avis was not served with Dalferes's first amended petition.

## INTERLOCUTORY DEFAULT JUDGMENT

Avis also contends that this court should reverse the interlocutory default judgment because transferring the case from justice court to county court was tantamount to seeking a more onerous judgment. Dalferes responds that there is no error on the face of the record in connection with the interlocutory default judgment on her breach of contract claim; therefore, this court should affirm the default judgment with regard to her breach of contract claim and award her $5,395.95 in compensatory damages. The difficulty in addressing either of these contentions is that: (1) the interlocutory judgment merged into the final default judgment; *see Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972); and (2) the trial court awarded a lump sum damage award for both the breach of contract claim and the DTPA claim in the amount of $81,583.80. Accordingly, the judgment in this case cannot be affirmed or reversed as to the interlocutory default judgment but can only be affirmed or reversed as to the final merged judgment.

## CONCLUSION

Because error is apparent on the face of the record in that Avis was not served with Dalferes's first amended petition, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice