**Affirmed and Memorandum Opinion filed August 28, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00903-CV

---

### FERNANDO CHAPA, Appellant

### V.

### LONE STAR DISPOSAL, L.P., Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1019598**

---

# MEMORANDUM OPINION

In this restricted appeal, the appellant argues that the judgment is void because he was not served with process or, in the alternative, that the judgment is not supported by legally or factually sufficient evidence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee Lone Star Disposal, L.P. filed suit against appellant Fernando

Chapa[1] in September 2012. Both parties agree that in October 2012, Chapa was served with the citation and the original petition. Chapa filed an answer the same month. In April 2013, Lone Star filed an amended petition in which it asserted claims for breach of contract, suit on a sworn account, and quantum meruit. Following a bench trial, the trial court rendered a money judgment in favor of Lone Star and against Chapa. Chapa filed this restricted appeal challenging the judgment.

## II.    ISSUES AND ANALYSIS

To prevail in this appeal, Chapa must establish that: (1) he filed a notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment made the subject of complaint and he did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The trial court's judgment indicates that the trial court rendered it following a bench trial at which all parties appeared through their attorneys. But, Lone Star and Chapa both assert that the trial court rendered a post-answer default judgment, that is, a judgment rendered when a defendant answers but fails to appear at trial. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). We presume for the sake of argument that Chapa did not appear at, or participate in, the bench trial that resulted in rendition of judgment in favor of Lone Star. Under this presumption, the first three requirements to succeed in a restricted appeal are satisfied, and the only remaining issue is whether error is apparent on

---

[1] The name of the defendant in Lone Star's petition and in the trial court's judgment is "Fernando Chappa d/b/a Full Services, Inc." According to the notice of appeal, the appellant is "Fernando Chapa." In the statement of facts section of his appellate brief, appellant recites that "Fernando Chapa" is the appellant and that he was the defendant in the trial court. Thus, it appears that Chapa's name was misspelled in the petition and in the trial court's judgment.

the face of the record.

Chapa asserts three appellate issues: (1) the judgment is void because there is no proof that Chapa was served with Lone Star's First Amended Petition; (2) the writ of garnishment issued by the trial court is void because the judgment is void; and (3) the evidence supporting the trial court's judgment is legally and factually insufficient.

### A. Is the judgment void because there is no proof the defendant was served with the amended petition?

In his first issue, Chapa asserts that the trial court's judgment against him is void because there is no proof he was served with Lone Star's First Amended Petition, though he admits that he was served with citation and the original petition.

Under the version of Texas Rule of Civil Procedure 21a (governing methods of service other than service of citation) in force at that time, Lone Star properly could serve its First Amended Petition on Chapa by delivering a copy of that pleading to Chapa by certified mail at Chapa's last known address. Tex. R. Civ. P. 21a (West 2013). Lone Star's First Amended Petition contained a certificate of service showing that Chapa was served with a copy of that pleading by certified mail to the address Chapa provided in his pro se answer. A certificate of service is prima facie evidence of the fact of service and creates a presumption that Chapa received a copy of the First Amended Petition. *See id.*; *Dowell v. Theken Spine, LLC*, 14-07-00887-CV, 2009 WL 1677844, at *2–3 (Tex. App.—Houston [14th Dist.] Jun. 2, 2009, no pet.) (mem. op.). This presumption may be rebutted by evidence showing that Chapa did not receive a copy of it. *See Dowell*, 2009 WL 1677844, at *2–3. Our record contains no evidence showing that Chapa did not receive a copy of the First Amended Petition; thus, the presumption of service and

receipt of this pleading has not been rebutted. *See id.* On the face of the record, this court presumes that Chapa was served with the First Amended Petition.[2]

In part of his argument, Chapa also appears to assert that Lone Star was required to serve Chapa with citation and the First Amended Petition. Chapa cites *Weaver v. Hartford Accident & Indem. Co.*, for the proposition that a party is required to serve a new citation if it files an amended petition seeking a more onerous judgment than an earlier pleading. *See* 570 S.W.2d 367, 370 (Tex. 1978). We reject this argument for two reasons. First, *Weaver* articulated a requirement that a new citation must be served on a defendant who has not appeared when the plaintiff, by amended petition, seeks a more onerous judgment. *See id. Weaver* does not apply to the case at hand because Chapa already had appeared and filed an answer when Lone Star filed its amended petition. Second, even if Chapa had not appeared in the case at that time, the requirement articulated by *Weaver* was eliminated by the 1990 amendment of Texas Rule of Civil Procedure 21a. Tex. R. Civ. P. 21a (West 2013); *In re E.A.*, 287 S.W.3d 1, 3–4 (Tex. 2009). In *In re E.A.*, the Supreme Court of Texas held that, after this amendment, nothing in the rules requires a plaintiff to serve a nonanswering defendant with a new citation for a more onerous amended petition. *See In re E.A.*, 287 S.W.3d at 4. Instead, the high court determined that service of an amended petition after service of citation and the original petition is governed by Texas Rule of Civil Procedure 21a.[3] *See id.*

Because Chapa has not shown error on the face of the record in his first issue

---

[2] Chapa argues that a failure to serve him with the First Amended Petition would violate his due process rights and make the judgment void. Because we presume that Chapa was served with the First Amended Petition, we need not and do not address these arguments.

[3] Chapa also argues that the trial court erred in rendering judgment because proof of service of citation and a copy of the First Amended Petition had not been on file for at least ten days, as allegedly required by Texas Rule of Civil Procedure 107(h). Even if Rule 107(h) applied to post-answer default judgments, this argument would fail because Lone Star was not required to serve a second citation and a copy of the First Amended Petition.

and the arguments he makes thereunder, we overrule his first issue. And, because Chapa's second issue, in which he argues that the writ of garnishment is void because the judgment is void, is premised on his success under the first issue, we also overrule the second issue.

### B. Is the evidence sufficient to support the trial court's judgment?

In his third issue, Chapa asserts that there is error on the face of the record because the evidence is legally and factually insufficient to support the trial court's judgment. The judgment reflects that evidence was offered at trial, but our appellate record contains no record of the trial proceedings or the evidence offered at trial. The court reporter of the trial court has informed this court that, though a record was made of the trial proceedings, Chapa did not request that the court reporter prepare a reporter's record. In the absence of a complete record, certain presumptions apply, unless the appeal is based upon a partial reporter's record. Chapa has not undertaken an appeal based upon a partial reporter's record, so this is not a case under Texas Rule of Appellate Procedure 34.6(c), which governs partial-record appeals. *See* Tex. R. App. P. 34.6(c); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002). Therefore, unless our appellate record contains a complete record of the trial, we presume the omitted portions are relevant to the disposition of this appeal and support the trial court's judgment. *See Wilson v. Patterson*, No. 14-10-00943-CV, 2011 WL 4924252, at *1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op.). Because our appellate record contains no record of the trial proceedings, we presume that the trial evidence is legally and factually sufficient to support the trial court's judgment. *See id.* at *1-2. Accordingly, we overrule Chapa's third issue.

### III. Conclusion

Chapa did not rebut the presumption that he was served with the First Amended Petition. Lone Star was not required to serve Chapa with a second citation and a copy of the First Amended Petition. Because our record does not contain a reporter's record regarding the trial proceedings and evidence, we also presume that the evidence offered at trial is legally and factually sufficient to support the trial court's judgment.

The trial court's judgment is affirmed.


/s/    Kem Thompson Frost
            Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.