**Opinion issued May 28, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00439-CV

———————————

**EIHAB RAJAB MASOUD, Appellant**

**V.**

**DEBORAH HANDLER, Appellee**

On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCV-198932

## MEMORANDUM OPINION

After Appellant, Eihab Rajab Masoud, failed to appear for trial on his divorce action, the trial court rendered a divorce decree. Masoud filed a motion for new trial, claiming he had not been given notice of the trial date. The trial court denied the motion. In two issues on appeal, Masoud claims the trial court abused

its discretion by denying his motion for new trial based on lack of notice of the trial date.

We affirm.

## Background

Masoud petitioned for divorce. Appellee, Deborah Handler, cross-petitioned. In mid-October, 2013, Handler sent notice to Masoud of the trial setting for early January 2014. The notice was sent certified mail, return receipt requested. The notice was returned to Handler as unclaimed.

At trial, the trial court admitted into evidence the notice, envelope, and return. She also presented evidence that Masoud had avoided being served with documents related to the divorce. She testified about information she had demonstrating that Masoud still lived at the address where she had tried to serve him with notice of the trial. She also offered a document, which the trial court admitted, from a process server showing the server's five unsuccessful attempts to serve Masoud with another document related to the case.

After trial, the trial court rendered a divorce decree. Masoud filed a motion for new trial, claiming he had not been given notice of the trial date. The trial court denied the motion.

**Motion for New Trial**

In two issues on appeal, Masoud claims the trial court abused its discretion by denying his motion for new trial based on lack of notice of the trial date.

**A.     Standard of Review**

Denial of a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or fails to correctly analyze or apply the law. *Celestine v. Dep't of Family & Protective Servs.,* 321 S.W.3d 222, 235 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

**B.     Analysis**

In *Craddock*, the Supreme Court of Texas set forth three requirements that a defendant must satisfy to set aside a default judgment and obtain a new trial: (1) the failure to file an answer or appear at a hearing was not intentional or the result of conscious indifference, but was a mistake or accident; (2) a meritorious defense; and (3) a new trial will not result in delay or prejudice to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The same prerequisites for setting aside a no-answer default judgment also apply to a post-answer default judgment. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion by not granting a new trial when the elements of the *Craddock* test are satisfied. *Id.*

A defaulted defendant who never received notice of a trial setting does not need to meet all the *Craddock* requirements. The defendant in that situation satisfies the first *Craddock* prong that the failure to file an answer or appear was not intentional or the result of conscious indifference. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005). Any analysis of the second or third prong becomes unnecessary. *Mahand v. Delaney*, 60 S.W.3d 371, 375 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Masoud asserted in his motion for new trial that he was never served with notice of the trial setting. The Texas Rules of Civil Procedure require notice of the first trial setting to be served on the parties at least 45 days before trial. TEX. R. CIV. P. 245. Any notice required by the rules must be sent in accordance with Rule 21a. TEX. R. CIV. P. 21a, Misc. Docket No. 04-24-1990-002 (Tex. Apr. 24, 1990, amended 2014). The Supreme Court of Texas has recognized at least two evidentiary components of Rule 21a.[1]

First, the rule provides that service by mail is "complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or

---

[1] The Supreme Court of Texas implemented a new version of Rule 21a, effective after Masoud was served but before trial. *See* Misc. Docket No. 13-9165 (Tex. Dec. 13, 2013). Neither party has cited the newer version, suggested that the new version would result in a different analysis, or claimed that the new rule becoming effective before the trial date affected the effectiveness of the service at the time it occurred. Accordingly, we will assume without deciding that wording of the earlier rule and the law applicable to it determines the parties' dispute. We express no opinion about whether the revised version would have a different analysis or result.

official depository under the care and custody of the United States Postal Service." *Id.* The evidentiary effect of this portion of the rule is to create a presumption of service in compliance with the rule. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (recognizing existence of presumption). The presumption is not evidence, however, and when evidence is introduced opposing this presumption, the presumption vanishes. *Id.* For example, if a letter is returned as unclaimed, then the presumption of service is negated. *Id.*

Second, the rule provides, "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a, Misc. Docket No. 04-24-1990-002. At that point, it becomes the opposing party's burden to show that the notice was not, in fact, received. *In re E.A.*, 287 S.W.3d at 5.

Here, the record establishes that notice of trial was sent to Masoud by certified mail more than 45 days before the trial setting. The same exhibit, however, shows that the notice was returned as unclaimed. Accordingly, any presumption of service has been negated. *See id.*

During the trial, Handler also presented evidence that Masoud would avoid being served with documents related to the divorce. *See Osborn v. Osborn*, 961 S.W.2d 408, 412–13 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (holding

trial court does not abuse its discretion overruling a motion for new trial when record shows defendant intentionally avoided receiving notice of trial setting). Handler testified at trial about information she had demonstrating that Masoud still lived at the address where she had tried to serve him with notice of the trial.[2] She also offered a document, which the trial court admitted, from a process server showing the server's five unsuccessful attempts to serve Masoud with another document related to the case. We hold the unclaimed certified mail, Handler's testimony, and the document showing five unsuccessful attempts to serve Masoud another document associated with the case at an address that Masoud acknowledged being able to be served constitute sufficient evidence for the trial court to determine that Masoud was intentionally avoiding service. Accordingly, we hold the trial court did not abuse its discretion by denying Masoud's motion for new trial. *See id.*

We overrule Masoud's two issues.

---

[2] At the hearing on the motion for new trial, Masoud conceded that he had been served at that address for another proceeding.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Massengale.