**Opinion issued December 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00545-CR

## NO. 01-15-00546-CR

———————————

**DOMINIQUE RASHAD HALE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1441963 & 1450601[1]**

---

### MEMORANDUM OPINION

Appellant, Dominique Rashad Hale, proceeding *pro se* and incarcerated,

pleaded guilty to the state-jail felony offense of possession of a controlled substance,

---

[1]     Appellate cause no. 01-15-00545-CR; trial court cause no. 1441963.
Appellate cause no. 01-15-00546-CR; trial court cause no. 1450601.

namely, cocaine, weighing less than one gram, with the agreed recommendation that she be punished with six months' confinement in state jail in the underlying trial court cause number 1441963 on May 11, 2015. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b) (West Supp. 2014). Also on May 11, 2015, appellant pleaded guilty to the third-degree felony offense of assault of a family member—impeding breathing, with the agreed recommendation that she be punished with two years' prison confinement in the related underlying trial court cause number 1450601. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(B) (West Supp. 2014).

On May 12, 2015, the trial court assessed appellant's punishment at six months' state-jail confinement for the cocaine possession conviction, in trial court cause number 1441963, and two years' prison confinement for the assault conviction, in trial court cause number 1450601, in accordance with the terms of her plea bargains with the State, to be served concurrently. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 12.35(a) (West Supp. 2014). The trial court certified that both of these cases are plea-bargain cases and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Nevertheless, appellant timely filed a *pro se* combined form notice of appeal on May 14, 2015. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal acknowledges that her punishment did not exceed the amount recommended by the State and agreed to by appellant in each case. However, appellant's notice of appeal

2

contends that her guilty pleas did not preclude appealing any rulings on pretrial motions. We dismiss these appeals for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certifications of appellant's right of appeal, which are included in the clerk's record in each case, state that these are plea-bargain cases and that appellant has no right of appeal in either case. *See* TEX. R. APP. P. 25.2(a)(2), (d).

In a plea-bargain case—where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2). The clerk's record in trial court cause number 1441963 contains a waiver of constitutional rights, agreement to stipulate, and judicial confession, and admonishment papers indicating that appellant pleaded guilty to the state-jail felony offense of possession of a controlled substance, namely, cocaine, weighing less than one gram, in exchange for the State's recommendation that she be punished with six months' state-jail confinement.

Similarly, the clerk's record in trial court cause number 1450601 contains a waiver of constitutional rights, agreement to stipulate, and judicial confession, and admonishment papers indicating that appellant pleaded guilty to the third-degree felony offense of assault of a family member—impeding breathing, in exchange for the State's recommendation that she be punished with two years' prison confinement. There were no reporter's records for the plea hearing filed in either case because the admonishment papers indicated that appellant waived her right to have those hearings recorded.

Furthermore, the judgments of conviction in the clerk's records in both cases reflect that the trial court accepted the plea-bargain agreements because it assessed appellant's punishment at six months' state-jail confinement for the cocaine possession conviction in trial court cause number 1441963 and two years' prison confinement for the assault conviction in trial court cause number 1450601, to be served concurrently. *See* TEX. R. APP. P. 25.2(a)(2). Thus, the clerk's records support the trial court's certifications that these are plea-bargained cases and that appellant has no right of appeal in either case, and the trial court did not give its permission to appeal on any matters, including any rulings on pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2); *Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in these plea-bargained cases, we must dismiss these appeals without further action. *See Menefee v. State*, 287 S.W.3d

4

9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **dismiss** both of these appeals for want of jurisdiction. *See* TEX. R. APP. P. 25.2(d), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).