

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00224-CV
_____

LANDRY ROBERT LLOYD, APPELLANT

V.

KACY JEANNE HENSLEY, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2016-519,987; Honorable Les Hatch, Presiding

February 10, 2020

## MEMORANDUM OPINION

### Before PIRTLE, PARKER, and DOSS, JJ.

Appellant, Landry Robert Lloyd, seeks relief from the trial court's *Enforcement Order* of May 3, 2018, rendered in the continuing divorce saga between Lloyd and Appellee, Kacy Jeanne Hensley. By a single issue, based on an allegation that he was not properly served, Lloyd contends the trial court abused its discretion in entering a no-answer default order in Hensley's favor based on her *Third Amended Motion for*

*Enforcement of Property Division.* Finding that the trial court did have personal jurisdiction over the parties, we reject Lloyd's arguments, and affirm the order of the trial court.

### BACKGROUND

Lloyd and Hensley were married in October 2015. By March 2016, Lloyd had filed for divorce. At the hearing on Lloyd's petition for divorce, held on August 1, 2016, Lloyd's attorney moved to disqualify Hensley's attorney. When the recusal motion was denied, Lloyd's attorney indicated to the trial court that he was leaving the courtroom to prepare a petition for writ of mandamus to challenge the trial court's ruling. Before he departed, the trial court announced that the hearing would proceed in his absence. After several witnesses had already testified, Lloyd's attorney returned to the courtroom with documentation he represented as reflecting his immediate pursuit of a petition for writ of mandamus. The record shows that Lloyd and his attorney then departed again before the hearing concluded. At the conclusion of the hearing, the trial court announced that it was taking the matter under advisement and would issue a letter ruling as to the relief to be granted.

Fifty-three days later, Lloyd filed his petition for writ of mandamus. His petition was accompanied by a motion for emergency relief seeking to prohibit the trial court from entering any orders in the underlying proceeding. The requested relief was denied by this court and the matter was allowed to proceed. *See In re Lloyd*, No. 07-16-00340-CV, 2016 Tex. App. LEXIS 10489, at *5 (Tex. App.—Amarillo Sept. 26, 2016, orig. proceeding). The day following the issuance of this court's order denying mandamus relief, the trial court signed its *Final Decree of Divorce.* By that decree, Hensley was

2

awarded as her separate property a German Shepherd Dog, wedding gift cards, a pocketknife belonging to her grandfather, and a Victoria's Secret bag and its contents. Lloyd's attorney moved to have the decree set aside on the basis that his decision to leave the hearing was "not the result of conscious indifference" and he should be granted a new trial in the interest of justice. The trial court denied that motion and Lloyd appealed the trial court's divorce decree to this court on November 10, 2016.

Since the date the *Decree of Divorce* was originally entered, Hensley has filed three motions to enforce the division of property. In October 2016, Hensley filed her first motion to enforce. A hearing was held on that motion on November 4, 2016, and on November 9, 2016, the trial court granted the motion and ordered Lloyd to return, by 6:00 p.m., on November 11, 2016, the items that had been awarded to Hensley in the divorce decree. Before that deadline, the parties entered into a Rule 11 Agreement in which Lloyd agreed to return the dog to Hensley by November 14, 2016. Lloyd did not return the dog as agreed. By that time, Lloyd's appeal was pending, and on November 16, he filed with this court a motion to suspend enforcement of the divorce decree. That same day, this court referred the matter to the trial court as the appropriate venue for the setting of a supersedeas bond. *See* TEX. R. APP. P. 24.

When Hensley filed her second motion for enforcement on November 18, 2016, in addition to an order for the delivery of the dog, she sought to have the trial court hold Lloyd in contempt of court. On December 1, 2016, Lloyd filed his *Motion to Set Amount of Security on Judgment for Personal Property* with the trial court. A joint hearing on Hensley's second motion to enforce and Lloyd's motion to set a supersedes bond was set for December 7, 2016. At that hearing, Hensley's motion for enforcement was

3

continued pending resolution of the appeal, and the amount of the supersedeas bond to be posted by Lloyd was set by the trial court. Lloyd deposited that sum in the registry of the court and no further proceedings were had.

The *Decree of Divorce* was subsequently affirmed by this court on September 6, 2017. *See Lloyd v. Hensley*, No. 07-16-00417-CV, 2017 Tex. App. LEXIS 8479, at *8 (Tex. App.—Amarillo Sept. 6, 2017, pet. denied) (mem. op.). After the appeal affirming the divorce decree became final and mandate issued, Hensley filed her *Third Amended Motion for Enforcement of Property Division* on April 9, 2018.[1] That same day, the trial court signed an *Order Setting Hearing* for April 20, 2018, at 9:00 a.m. By her third motion, Hensley was still seeking delivery of the property she had been awarded in the original decree of divorce more than eighteen months earlier. A copy of the amended motion and an order setting hearing were served on Lloyd's attorney in accordance with Rule 21a of the Texas Rules of Civil Procedure.

A hearing on that motion was held on April 20, 2018, and despite a subpoena having been issued for Lloyd, neither Lloyd nor his attorney appeared to contest Hensley's motion. Hensley testified to the approximate value of the wedding gift cards that had been awarded to her in the divorce decree and that Lloyd had still failed to return. Regarding the dog, she testified that she would no longer be seeking to enforce its return because she had re-married and had a new baby.

At the conclusion of Hensley's testimony, the trial court granted her motion to enforce and awarded her $545 from the funds that had been deposited in registry of

---

[1] Mandate issued on April 3, 2018.

4

the court under the supersedeas bond. The trial court also ordered that Lloyd deliver to Hensley the wedding gift cards or $1,000 representing the value of those cards. In addition, the trial court awarded Hensley recovery of attorney's fees in the amount of $3,615 for the prosecution of the motion to enforce, together with conditional attorney's fees in the event of another unsuccessful appeal. An enforcement order was entered on May 3, 2018.

Lloyd again appealed to this court. This time he asserts the trial court did not acquire personal jurisdiction over him due to the lack of proper service pursuant to the Texas Rules of Civil Procedure. Alleging the trial court abused its discretion, he seeks to overturn entry of what he characterizes as a "no-answer default order." We disagree with his assessment of the character of the order and reject his arguments.

### APPLICABLE LAW

Although Lloyd asserts an abuse of discretion by the trial court, the question of whether a trial court has personal jurisdiction over a party is a question of law we review *de novo*. *McGee v. McGee*, No. 07-12-00475-CV, 2014 Tex. App. LEXIS 6153, at *3 (Tex. App.—Amarillo June 6, 2014, no pet.) (mem. op.) (citing *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)). Section 9.001(c) of the Texas Family Code provides that a party whose interests may be affected by a suit to enforce is entitled to received notice by citation and shall be commanded to appear by filing a written answer. TEX. FAM. CODE ANN. § 9.001(c) (West Supp. 2019). Absent proper service of process or a general appearance, a court lacks personal jurisdiction over a defendant and any default judgment is rendered void. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Strict compliance with the rules for service of citation must affirmatively appear on

5

the record in order for a default judgment to withstand a direct attack. *Ins. Co. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) and *Uvalde Country Club v. Marin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)).

### ANALYSIS

Personal jurisdiction is a threshold matter that a trial court should always address *sua sponte.* Rule 124 of the Texas Rules of Civil Procedure provides that no judgment shall be entered against a defendant "unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant . . . ." TEX. R. CIV. P. 124. In Texas, there are three ways to enter a general appearance: (1) the defendant invokes the judgment of the trial court on any question other than the court's jurisdiction; (2) the defendant recognizes by its acts that an action is properly pending; or (3) the defendant seeks affirmative action from the court. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). A general appearance may be made either in person or by a defendant's attorney. TEX. R. CIV. P. 120.

On December 7, 2016, the trial court held a joint hearing on Hensley's second motion to enforce and Lloyd's motion for a supersedeas bond. Lloyd appeared personally and through his attorney. His attorney announced, "[w]e are present and ready, Your Honor." During that hearing, the trial court set a supersedeas bond for the value of the German Shepherd dog at $650, plus $500 in attorney's fees, and at that point Hensley's enforcement motion was deferred pending resolution of the pending appeal.

6

This court's mandate on the divorce proceeding issued on April 3, 2018. Six days later, on April 9, 2018, Hensley filed her *Third Amended Motion to Enforce* and Lloyd's attorney was notified of the filing pursuant to Rules 21(b) and 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21(b) and 21a. That same day, pursuant to those same rules, notice was sent to Lloyd's attorney notifying him that a hearing on the enforcement motion was scheduled for April 20, 2018.[2]

Lloyd argues that he was not served with two of the motions to enforce and the trial court incorrectly presumed that the subsequent motions were a continuation of the first motion to enforce. We disagree.

Because Lloyd personally appeared at the December 7, 2016 hearing and invoked the trial court's jurisdiction via his request that the trial court set the amount of his supersedeas bond, no service of process was necessary with respect to the second motion for enforcement scheduled for the same hearing. By personally appearing, Lloyd voluntarily submitted to the trial court's jurisdiction as it pertains to Hensley's second amended motion to enforce.

When a party seeking affirmative relief by an amended pleading seeks "a more onerous judgment than prayed for in the original pleading," new service of process may be required. *See In re E.A.*, 287 S.W.3d 1, 3 (Tex. 2009). Here, the record shows that by her third amended motion Hensley did not seek "a more onerous judgment." She simply sought to recover the same items that had been awarded to her in the divorce

---

[2] The clerk's record contains copies of documents as well as copies of emails from Lloyd's attorney pertaining to the April 20, 2018 hearing.

decree and the same relief she had sought by her previous motion to enforce. Accordingly, the trial court maintained personal jurisdiction over Lloyd as it pertains to the amended third motion to enforce and he was not entitled to new service of process. Furthermore, because Lloyd's attorney received notice of the scheduled hearing on the amended motion to enforce as provided by the Texas Rules of Civil Procedure, the trial court did not err in entering its enforcement order. As such, the enforcement order was not a no-answer default judgment, it was a post-appearance order entered by default after proper notice of hearing. Lloyd's sole issue is overruled.

**CONCLUSION**

The trial court's *Enforcement Order* is affirmed.


Patrick A. Pirtle
Justice