ACCEPTED
01-14-00383-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/17/2015 12:57:01 PM
CHRISTOPHER PRINE
CLERK

**Case No. 01-14-00383-CV**

-----------------------------------------------

**In the Court of Appeals for the
First Supreme Judicial District
at Houston, Texas**

-------------------------------------------

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/17/2015 12:57:01 PM

CHRISTOPHER A. PRINE
Clerk

**Glenn Herbert Johnson
Appellant
vs.
Harris County, ET AL and Hashmet Wali
Appellees**

---------------------------------------------

**On Appeal from the 190th Judicial District Court
of Harris County, Texas
Trial Court Cause No. 2013-08713**

**Glenn Herbert Johnson v. Harris County, ET AL and Hashmet Wali**

-------------------------------------------------------------------------

**Appellant Glenn Herbert Johnson's MOTION FOR REHEARING of this Court's
Opinion and Judgment of June 2, 2015**

-------------------------------------------------------------------------------

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

COMES NOW, APPELLANT Glenn Herbert Johnson, in the above styled and numbered appeal and files this, his MOTION FOR REHEARING of this Court's Opinion and Judgment of June 2, 2015, relative to this Court's affirmance of the underlying Judgment against him. Pursuant to Rule 49 of the Texas Rules of Appellate Procedure, which allows that a motion for rehearing may be filed within **15 days** after the Court of Appeals' judgment or order is rendered, Appellant Glenn Herbert Johnson would respectfully show the Court as follows:

## INTRODUCTION

On June 2, 2015, this Court affirmed the underlying trial court's **Order** returning of the entire purchase price to Hashmet Wali and reinstating Harris County's claims against Glenn Herbert Johnson for unpaid property taxes, against Appellant Glenn Herbert Johnson, where Appellant Glenn Herbert Johnson brought suit against Harris County ET AL and Hashmet Wali, by way of a Bill of Review, in District Court seeking to overturn a Tax Foreclosure of his homestead, located at 8926 Daffodil Street – Houston, Texas.

By this Motion, Appellant Glenn Herbert Johnson respectfully asks this Court to revisit its decision affirming the Trial Court's **Order** returning of the entire purchase price to Hashmet Wali and reinstating Harris County's claims against Glenn Herbert Johnson for unpaid property taxes, in favor of Appellees Harris County, ET AL and Hashmet Wali, against Appellant Glenn Herbert Johnson. Appellant Glenn Herbert Johnson believes that **REHEARING** is appropriate because it appears that the Court misinterpreted Appellant's arguments as to the trial court's **Order** returning of the entire purchase price to Hashmet Wali and reinstating Harris County's claims against Glenn Herbert Johnson for unpaid property taxes.

In that Appellant requested same, as outlined in the above-paragraph; he has no issue with the Trial Court reinstating Harris County's claims against him in Cause No. 2009-51784, for unpaid property taxes.

Appellant believes, however, that had the Appeals Court focused its analysis on the below-listed issues, the Appeals Court's Opinion would have read differently.

### ISSUE 1

Appellees' failed to comply with Texas Property Tax Code § 33.56 (e) which requires that "*A copy of the petition <u>must</u> be served in a manner authorized by Rule 21a, Texas Rules of Civil Procedure, on each party to the delinquent tax suit.*"

Appellees' failed to comply with Texas Property Tax Code § 33.56 (b), which requires that, "*The taxing unit <u>must</u> file the petition under the same cause number as the delinquent tax suit and in the same court.*"

### ISSUE 2

Appellees failed to comply with § 33.56 (a) of the Texas Property Tax Code, which required them to (in Cause No. 200-51784), file their Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, based on the grounds of**:**
**(1)** failure to join a person needed for just adjudication under the Texas Rules of Civil Procedure, including a taxing unit required to be joined under § 33.44(a);
**(2)** failure to serve a person needed for just adjudication under the Texas Rules of Civil Procedure, including a taxing unit required to be joined under § 33.44(a);
**(3)** failure of the judgment to adequately describe the property that is the subject of the suit; **or**
**(4)** that the property described in the judgment was subject to multiple appraisals for the tax years included in the judgment.

### ISSUE 3

Invited Error Doctrine cited by Appellate Court is not applicable to whether Hashmet Wali should be refunded purchase monies

For those reasons, Appellant urges the panel to consider the following arguments.

# ARGUMENTS

## ISSUE 1

Appellees' failed to comply with Texas Property Tax Code, § 33.56 (e) which requires that "*A copy of the petition must be served in a manner authorized by Rule 21a, Texas Rules of Civil Procedure, on each party to the delinquent tax suit.*"

Appellees' failed to comply with Texas Property Tax Code § 33.56 (b), which requires that, "*The taxing unit must file the petition under the same cause number as the delinquent tax suit and in the same court.*"

The Appeals Court duly notes in its Opinion that," The parties filed the motion under both case numbers, including in the related 2009 tax case. " However, the Court failed to acknowledge that a copy of the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, filed in the "related 2009 tax case", was never served in a manner authorized by the Texas Rules of Civil Procedure, on GLENN HERBERT JOHNSON, the Defendant in that "related 2009 tax case".

Texas Property Tax Code, § 33.56 (e) reads, *"A copy of the petition must be served in a manner authorized by Rule 21a, Texas Rules of Civil Procedure, on each party to the delinquent tax suit."*

TEXAS RULES OF CIVIL PROCEDURE, **Rule 21** reads, in part:

> **(a)** Every pleading, plea, motion, or application to the court for an order whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefore, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

> **(d)** Certificate of Service. The party or attorney of record, must certify to the court compliance with this rule in writing over signature on the filed pleading, plea, motion, or application.

It is an elementary and fundamental requirement of DUE PROCESS in any proceeding that is to be accorded finality, to provide notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections thereto.

The lack of actual or constructive notice to Appellant Glenn Herbert Johnson, of the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed having been filed in "the related 2009 tax case", deprived him of his opportunity to present any possible objections he may have had to that motion. Joint Motion to Vacate Judgment and Void Constable's Sale and Deed and is governed by TEX. R. CIV. P. 21a.

Proper notice to the nonmovant of the summary-judgment hearing is a prerequisite to summary judgment, the absence of which violates the nonmovant's due process rights. *Tanksley v. CitiCapital Commercial Corp.,* 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied).

Notice may be served on the nonmovant by delivering a copy via certified or registered mail to the party's last known address. *See* TEX.R. CIV. P. 21a.

Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. *See* TEX.R. CIV. P. 21a. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *See* TEX.R. CIV. P. 21a. Accordingly, Rule 21a creates a presumption that a notice of hearing setting, if mailed pursuant to the Rule, was received by the intended recipient. *See Cliff,* 724 S.W.2d at 780; *Approx. $14,980 v. State,* 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The intended recipient, however, may rebut this presumption by offering proof of non-receipt. *Cliff,* 724 S.W.2d at 780; *see also* TEX. R. CIV. P. 21a ("Nothing [in Rule 21a] shall preclude any party from offering proof that the notice or instrument was not received. . . ."); *77 see also Ruiz v. Nicolas Trevino Forwarding Agency, Inc.,* 888 S.W.2d 86, 88 (Tex. App.—San Antonio 1994, no writ) (holding that certificate of service created only rebuttable presumption, which "vanished" when appellant filed a sworn affidavit denying receipt of notice and appellee failed to produce "green card" verifying timely service of notice).

If the record fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *Uvalde Country Club,* 690 S.W.2d at 885. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void.

A review of the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed filed by Appellees in Cause No. 2009-51784, reveals that there is no Certificate of Service included.
    *See attached*: **Joint Motion to Vacate Judgment and Void Constable's Sale and Deed**, filed in Cause No. 2009-51784.

Rule 21 requires attorneys to place a CERTIFICATE OF SERVICE on motions they file with the court. TEX.R.CIV.P.21. Appellees' Joint Motion to vacate Judgment and Void Constable's Sale and Deed did not contain a CERTIFICATE OF SERVICE. Therefore, the record affirmatively shows that notice of the proposed **Order** to Vacate the Judgment and Void the Constable's Sale and Deed, filed in Cause No. 2009-51784, (the related 2009 Tax case) was not given to Appellant Glenn Herbert Johnson.

The Trial Court signed the Order Voiding Constable's Sale and Deed on March 31, 2014. This was done in response to the Joint Motion to vacate Judgment and Void Constable's Sale and Deed filed in Cause No. 2013-08713. It is important to note that Cause No. 2013-08713 and Cause No.2009-51784, were not consolidated cases, each being a distinct and separate case.

Because Appellees' Joint Motion to vacate Judgment and Void Constable's Sale and Deed did not include a **certificate of service**, the record contains no prima facie evidence of service. See In re *E.A.,* 287 S.W.3d at 5.

The error in service is apparent on the face of the record in that Appellant Glenn <u>Herbert</u> Johnson was not served with Appellees' Joint Motion to Vacate Judgment and Void Constable's Sale and Deed in Cause # 2009-51784.

Rule 21a provides that the party or attorney of record <u>shall</u> certify compliance with the rule "in writing over signature and on the filed instrument." Tex.R. Civ. P. 21a. The Texas Supreme Court has observed that such a CERTIFICATE "bears some assurance of trustworthiness as it was prepared as a matter of office routine before any dispute about notice arose." *Mathis,* 166 S.W.3d at 745.

Here, the undisputed evidence shows that the Joint Motion to vacate Judgment and Void Constable's Sale and Deed, filed in Cause No. 2009-51784, does not contain a certificate of service. Therefore, Appellees failed to fully comply with Rule 21a. *See* Tex.R. Civ. P. 21a; In re *E.A.,* 287 S.W.3d 1, 5–6 (Tex.2009); *Mathis,* 166 S.W.3d at 745

Rule 21a also provides that the party or attorney of record <u>shall</u> certify compliance with the rule "in writing over signature and on the filed instrument." Tex.R. Civ. P. 21a. (emphasis added). The Supreme Court has observed that such a CERTIFICATE "bears some assurance of trustworthiness as it was prepared as a matter of office routine before any dispute about notice arose." *Mathis,* 166 S.W.3d at 745.

Here, the undisputed evidence shows that the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, filed in Cause No. 2009-51784, does not contain a certificate of service. Therefore, Appellees failed to fully comply with Rule 21a. *See* Tex.R. Civ. P. 21a; In re *E.A.,* 287 S.W.3d 1, 5–6 (Tex.2009); *Mathis,* 166 S.W.3d at 745. See *Green v. McAdams*, <u>857 S.W.2d 816</u>, 819 [893 S.W.2d 13] (Tex.App.—Houston [1st Dist.] 1993, no writ) (concluding it would violate due process to require party to comply with Craddock when party had neither actual nor constructive notice of trial setting).

In that Rule 21a of the Texas Rules of Civil Procedure requires that "The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument", the absence of Certificate of Service in the Joint Motion to vacate Judgment and Void Constable's Sale and Deed filed in Cause No. 2009-51784 invalidates the efficacy of that Motion and therefore the Order Voiding Constable's Sale and Deed, signed on March 31, 2014, in response to that motion is invalid, as well.

The Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, filed in Cause No. 2009-51784, is fatally defective, therefore, Appellees' failed to comply with Texas Property Tax Code Section 33.56 (b), which requires that, *"The taxing unit <u>must</u> file the petition under the same cause number as the delinquent tax suit and in the same court."*

Appellees failed to comply with Texas Property Tax Code Section 33.56 (a) which requires that they file, in Cause No. 200-51784, their Joint Motion to vacate Judgment and Void Constable's Sale and Deed, based on one or more of the following grounds**:**
**(1)** failure to join a person needed for just adjudication under the Texas Rules of Civil Procedure, including a taxing unit required to be joined under Section 33.44(a);
**(2)** failure to serve a person needed for just adjudication under the Texas Rules of Civil Procedure, including a taxing unit required to be joined under Section 33.44(a);
**(3)** failure of the judgment to adequately describe the property that is the subject of the suit; **or**
**(4)** that the property described in the judgment was subject to multiple appraisals for the tax years included in the judgment.

It is undeniable that the Appellees who were a party to the judgment rendered against Appellant in Cause No. 2009-51784, failed to <u>affirmatively state</u> the grounds upon which they were filing their Joint Motion to vacate Judgment and Void Constable's Sale and Deed.
        *See attached:* Joint Motion to Vacate Judgment and Void Constable's Sale and Deed filed in Cause No. 2013-08713).

A traditional motion for summary judgment must state "the specific grounds therefor." TEX.R.CIV.P. 166a(c); see also *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012) ("Court cannot grant summary judgment on grounds that were not presented." (Citation omitted)); *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 339 (Tex. 1993) (motion must expressly present grounds for summary judgment). "Grounds" refers to the reasons entitling the movant to summary judgment. *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d at 339 n.2.

Although the Appellees did not state the grounds on which their Joint Motion to Vacate Judgment and Void Constable's Sale and Deed was made, the Appellate Court, in its Opinion, released on June 2, 2015, seems to imply that because "*the trial court already had voided the default judgment for failure to properly serve a party*", the Appellees were relieved of their obligation to state the specific grounds on which they based their Joint Motion to Vacate Judgment and Void Constable's Sale and Deed.   However, it is well established that the grounds must be set forth in the motion itself, not in the pleadings. *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d at 341, 343.

Further, in *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d at 343, the Court held that, "*We cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court."*  Additionally, when a plaintiff moves for summary judgment, it must prove it is entitled to judgment as a matter of law on each element of its cause of action. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999).

Because Appellant's Joint Motion to Vacate Judgment and Void Constable's Sale and Deed failed to present to the trial court the "specific grounds" for granting summary judgment, the motion is insufficient and cannot support summary judgment. See *Eoff v. Ahern Rentals, Inc.*, No. 05-11-00621-CV; TEX.R.CIV.P. 166a(c); *Lenk,* 361 S.W.3d at 609; *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d at 342.


## ISSUE 3

- **Invited Error Doctrine cited by Appellate Court is not applicable to Hashmet Wali**

In his first and amended petitions, Johnson requested that the court "vacate the Default Judgment in Cause No. 2009-51784," "[r]eopen cause 2009-51784 and grant a new trial, with the parties reverting to their original status as <u>Plaintiff</u> and <u>Defendant</u>," and "set aside the Constable/Sheriff's sale of the above specified property."

- **The Appellate Court has misrepresented Glenn <u>Herbert</u> Johnson's request.**

In a Bill of Review proceeding, "When a plaintiff claims lack of service, the trial court should: (1) dispense with any pretrial inquiry into a meritorious defense, (2) hold a trial, at which the Bill of Review Plaintiff assumes the burden of proving that the plaintiff was not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (3) conditioned upon an affirmative finding that the plaintiff was not served, allow the parties to revert to their original status as Plaintiff and Defendant with the burden on the original Plaintiff to prove his or her case." *Caldwell v. Barnes* 154 S W 3d 93 Tex., 2004, December 31 2005 at 97-98.

In keeping with *Caldwell v. Barnes*, Appellant, Glenn <u>Herbert</u> Johnson requested, in his Bill of Review, that (because of lack of service to him in Cause No. 2009-51784), the trial court should: (**1**) dispense with any pretrial inquiry into a meritorious defense, (**2**) hold a trial, at which he as the Plaintiff assumed the burden of proving that the he had not served with process, thereby conclusively establishing a lack of fault or negligence in allowing a default judgment to be rendered, and (**3**) conditioned upon an affirmative finding that he, the plaintiffs had not been served with process, that the parties be allowed to revert to their original status as <u>Plaintiff</u> and <u>Defendant</u> with the burden on the original Plaintiff to prove his case.

Appellant Glenn <u>Herbert</u> Johnson's request was in line with Texas Property Tax Code § 33.56 (f), which states that, If the court grants the petition, "the court shall enter an order providing that: (**1**) the judgment, any tax sale based on that judgment, and any subsequent resale are vacated; (**2**) any applicable tax deed or applicable resale deed is canceled; (**3**) the delinquent tax suit is revived; and (**4**) . . . the taxes, penalties, interest, and attorney's fees and costs, and the liens that secure each of those items, are reinstated."

As authority for its decision to agree with the Trial Court's Order to "Return of entire purchase price to Wali", the Appeals Court cites the Invited Error Doctrine, which holds that a party cannot complain on appeal that the trial court ordered a specific action that the party requested. *Sentinel Integrity Solutions, Inc. v. Mistras Grp., Inc.,* 414 S.W.3d 911, 919–20 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)

Although Appeals Court liberally misconstrued Appellant Glenn Herbert Johnson's petition to, somehow, include a request that Hashmet Wali be returned to his "original" status of Plaintiff or Defendant, before the suit (Cause No. 2013-08713) was filed, this is just not so.

The Appeals Court, in the *Analysis* portion of its Memorandum Opinion, titled, ***"Invited Error Doctrine"***, correctly states that:

> *In his first and amended petitions, Johnson requested that the court "vacate the Default Judgment in Cause No. 2009-51784," "[r]eopen cause 2009-51784 and grant a new trial, with the parties reverting to their original status as* Plaintiff *and* Defendant*," and "set aside the Constable/Sheriff's sale of the above specified property."*

- It should be noted that at no time has Hashmet Wali been either a Plaintiff or Defendant in Cause No. 2009-51784.
- It should be noted that at no time did Appellant Glenn Herbert Johnson acknowledge Hashmet Wali as either a Plaintiff or Defendant in Cause No. 2009-51784.
- It should be noted that at no time did Appellant Glenn Herbert Johnson request that Hashmet Wali be returned to an original status of Plaintiff or Defendant in Cause No. 2009-51784.

Pursuant to Section 34.07 of the Texas Property Tax Code, Hashmet Wali was subrogated to the rights of the taxing units and to the tax lien, and was entitled to seek re-foreclosure of the lien as set forth in 34.07(b), or alternatively, under 34.07(d) he could have sought to recover from each taxing jurisdiction the amounts that the jurisdiction received from the sale proceeds, plus sought the recovery of any excess proceeds remaining from the sale. However, 34.07(f) of The Texas Property Tax Code provides the statute of limitations for Hashmet Wali's claim for a refund.

Pursuant to Section 34.07(f), HASHMET WALI's claim for a refund is barred by the statute of limitations, because his claim must have been brought before the first anniversary of the date of the tax sale which is defined as the first Tuesday of the month on which the sale was conducted, (which, in this case, would have been Tuesday, March 5, 2013).

The tax sale at which Hashmet Wali purchased this property (Glenn Herbert Johnson's homestead) was conducted on Tuesday, March 6, 2012. The first claim filed in this action (Cause No. 2013-08713) by Hashmet Wali was made on April 1, 2013, clearly after the first anniversary of the date of the tax sale, which was Tuesday, March 5, 2013.

Accordingly, Hashmet Wali having voluntarily <u>waived his right to subrogation</u> and <u>having failed to timely file an action against the taxing units</u>, to which proceeds of the sale were distributed, <u>by statute</u>, is precluded from recovering, by way of subrogation, an amount from each taxing unit equal to the distribution of taxes, penalties, interest, and attorney's fees the taxing unit received.

Hashmet Wali's claim for a refund is barred because he failed to bring his claim <u>before the first anniversary</u> of the date of the tax sale which is defined as the first Tuesday of the month on which the sale was conducted, (which would have been Tuesday, March 5, 2013).

In that Hashmet Wali, a Defendant in the Bill of Review (Cause # 2013-08713) was not a party in, either as a <u>Plaintiff</u> or <u>Defendant</u> in the "related Tax case of 2009", any reference to reverting to original status a Plaintiff and Defendant <u>did not</u> refer to Hashmet Wali who, again, was not a party in or privy to the Tax case, Cause # 2009-51784.

It is important to note that Cause No.2009-51784 and Cause No.2013-08713 were not consolidated, each being a distinct and separate case.

In that Appellant Glenn <u>Herbert</u> Johnson never requested or implied that the Trial Court should refund the purchase money or that Hashmet Wali be returned to an original status as <u>Plaintiff</u> and <u>Defendant</u>, and considering that HASHMET WALI's claim for a refund is barred by the statute of limitations set by Section 34.07(f), of the Texas Property Tax Code, *the* Trial Court erred in refunding the purchase money to him.


## CONCLUSION AND PRAYER

- Neither the   Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, filed in Cause # 2013-08713 or Cause # 2009-51785, met the requirements set out in § 33.56 (a) of the Texas Property Tax Code.

- A copy of the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed was not served in a manner authorized by Rule 21a of the Texas Rules of Civil Procedure, on Glenn <u>Herbert</u> Johnson, the Defendant in the delinquent tax suit, Cause No. 2009-51784. See § 33.56 (e) of the Texas Property Tax Code.

- Although HARRIS COUNTY, ET AL did, in fact, file a Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, in Cause # 2009-51784, HARRIS COUNTY, ET AL failed to serve a copy of the Petition on Glenn <u>Herbert</u> Johnson in a manner authorized by Rule 21a of the Texas Rules of Civil Procedure, on each party to the delinquent tax suit.

- In fact, upon review of the Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, filed in Cause # 2009-51784, on January 13, 2014, there is no Certificate of Service or any other documentation confirming that Glenn <u>Herbert</u> Johnson was afforded due process through service of process in a manner authorized by Rule 21a, Texas Rules of Civil Procedure, on each party to the delinquent tax suit.

- At no time has Hashmet Wali been either a Plaintiff or Defendant in Cause No. 2009-51784.

- At no time did Appellant Glenn <u>Herbert</u> Johnson acknowledge Hashmet Wali as either a Plaintiff or Defendant in Cause No. 2009-51784.

- At no time did Appellant Glenn <u>Herbert</u> Johnson request that Hashmet Wali be returned to an original status of Plaintiff or Defendant in Cause No. 2009-51784.

Appellant Glenn <u>Herbert</u> Johnson requests that the Appeals Court grant **REHEARING** in this matter and find that the Trial Court abused its discretion by approving Appellees Joint Motion to Vacate Judgment and Void Constable's Sale and Deed even though Appellees failed to serve Appellant Glenn Herbert Johnson with their Joint Motion to Vacate Judgment and Void Constable's Sale and Deed, in Cause No. 2009-51784, in a manner authorized by Rule 21a of the Texas Rules of Civil Procedure.

Appellant Glenn <u>Herbert</u> Johnson requests that the Appeals Court grant **REHEARING** in this matter and find that the Trial Court abused its discretion by approving Appellees Joint Motion to Vacate Judgment and Void Constable's Sale and Deed even though Appellees failed to comply with Texas Property Tax Code § 33.56 (a) which required them to (in Cause No. 200-51784), state the grounds under which they were basing their Joint Motion to Vacate Judgment and Void Constable's Sale and Deed.

Appellant Glenn <u>Herbert</u> Johnson requests that the Appeals Court grant **REHEARING** in this matter and find that the Trial Court abused its discretion by asserting the Doctrine of Invited Error, when the record shows that Appellant Glenn Herbert Johnson never requested that Hashmet Wali be returned to his original status as Plaintiff or Defendant in Cause No. 2009-51784, thereby making the Invited Error Doctrine inapplicable.

WHEREFORE PREMISES CONSIDERED for all the reasons set forth herein and in his Brief, Appellant Glenn <u>Herbert</u> Johnson, respectfully requests that this Appeals Court grant this Motion for Rehearing of the Appeals Court's June 2, 2015, Opinion and Judgment, and for all other such relief that Appellant may be justly entitled.

*Respectfully submitted*,

Glenn <u>Herbert</u> Johnson, Appellant, Pro Se
<u>8926</u> Daffodil Street - Houston, Texas 77063
*Prairie_View_Grad@yahoo.com*

# CERTICATE OF SERVICE

I hereby certify that on this 16th day of June 2015, a true and correct copy of the foregoing document was served, pursuant to Texas Rules of Appellate Procedure, on all counsel of record by <u>email transmission</u> as indicated below.

Glenn <u>Herbert</u> Johnson, Appellant, Pro Se
<u>8926</u> Daffodil Street
Houston, Texas 77063
*Prairie_View_Grad@yahoo.com*

## Recipients:

Emily King Watkins
TBN 24052164
Linebarger Goggan Blair & Sampson, LLP
*emily.watkins@lgbs.com*

Anthony Wayne Nims
TBN 24052164
Linebarger Goggan Blair & Sampson, LLP
*tony.nims@lgbs.com*

Edward James Nicholas
TBN 14991350
Linebarger Goggan Blair & Sampson, LLP
*nick.nicholas@lgbs.com*

Mohammed Ali Zakaria
TBN 22243410
M. Ali Zakaria & Associates, P.C.
*ali@zakarialaw.com*

Digant Madhukant Jariwala
TBN: 24067685
M. Ali Zakaria & Associates, P.C.
*digant@zakarialaw.com*

Lori Codina
190th Judicial District Court
HARRIS COUNTY
*lori_codina@justex.net*

Carol Williams
190th Judicial District Court
HARRIS COUNTY
*carol.williams@hcdistrictclerk.com*